[No. 19182.   Department Two.—October 7, 1893.]

THE DE CAMP LUMBER COMPANY, RESPONDENT, v. SHELLEY H. TOLHURST ET UX., APPELLANTS. THE WOODWORTH COMMERCIAL COMPANY, RESPONDENT.

MECHANICS' LIENS — FORECLOSURE — DEFAULT OF CONTRACTOR — LIABILITY OF OWNER OF BUILDING — COSTS AND COUNSEL FEES IN EXCESS OF CONTRACT PRICE. —In an action against the owner of a building and the contractor to foreclose mechanics' liens, the action of the contractor in permitting his default to be entered, is, in effect, an admission that the plaintiffs are entitled to the money, and where the owner of the building retains the balance of twenty-five per cent due the contractor in his hands, and apparently without cause or right raises a contest on every point and fights the case to the end, his liability is not limited

to the amount due the contractor, but costs and counsel fees are properly allowed and made payable out of the proceeds of the property ordered to be sold to satisfy the liens.

Id. — Objection of Retention of Twenty-five per Cent — Benefit of Lien-holders — Construction of Code. — The object of section 1184 of the Code of Civil Procedure, which requires twenty-five per cent of the whole contract price for the erection of a building to be made payable at least thirty-five days after the final completion of the contract, is to protect subcontractors, material men, and laborers, thereby giving them , if unpaid, ample time after the completion of the work to file their claims of lien and secure payment of any sums of money due them.

Id. — Deposit of Money in Court. — The owner of a building, after its completion by the contractor, holds the money reserved, as required by secton 1184 of the Code of Civil Procedure, for payment to the contractor or lien-claimant, which-ever is entitled to it, and if there is a contest between them he should deposit the money in court to be paid to the party adjudged to be entitled to it.

Appeal from a portion of a judgment of the Superior Court of Los Angeles County, directing the payment of costs and attorneys' fees.

The facts are stated in the opinion.

*S. P. Mulford,* for Appellants.

Appellants were under no obligation to pay the contractor's debts to the claimants in this action, but had a right to refuse payment of any or all of the lienor's claims and to await the result of actions to foreclose the liens. (*Covell* v. *Washburn,* 91 Cal. 560.) In an action to foreclose a mechanic's lien an owner who fails to defend cannot be made personally liable for costs incurred by trial of issues between the claimant and the contractor; but if the sums due from the owner to the contractor be *sufficient to cover the lien and costs,* the claimant is entitled to full satisfaction. (*Holler* v. *Apa,* 18 N. Y. Sup. 588.)

*Charles Cassat Davis,* for Respondent.

The plaintiffs were entitled to costs of the action as against the owner. The remedy of the owner is to recoup the amount paid from the contractor. (Code Civ. Proc., secs. 1193, 1195.)

Belcher, C. — In September, 1891, John A. McCarty entered into a written contract with Shelley H. Tolhurst, appellant, to furnish the materials and construct for him on a lot in the city of Los Angeles a dwelling-house, with fences and other structures, for the sum of $2,275. The contract was duly recorded and by its terms twenty-five per cent of the

whole contract price was made payable thirty-five days after its final completion.

The De Camp Lumber Company, respondent, under contract with McCarty, furnished materials which were used in the construction of the building, of the value of $1,023.54, of which sum $532.14 was still due and unpaid at the time of the commencement and trial of this action.

The Woodworth Commercial Company, respondent, under contract with McCarty, also furnished materials which were used in the construction of the building, of the value of $69.48, no part of which sum had been paid.

The building, fences, and other structures were completed on December 5, 1891, and on January 2, 1892, each of the respondent companies filed in the office of the county recorder of Los Angeles County its claim of lien for the materials furnished, in proper form and duly verified.

The De Camp Lumber Company commenced this action against the appellants and McCarty, the contractor, to foreclose its lien. The Woodworth Commercial Company intervened and filed a complaint for the foreclosure of its lien. McCarty failed to appear and allowed his default to be entered. The appellants answered both complaints and denied all their material averments.

The case was tried and the court found upon all the issues in favor of the respondents; and, among other things, that twenty-five per cent of the contract price—that is, $568.75—still remained in the hands of appellants, and that $75 was a rea-. sonable attorney's fee to be allowed to each of the respondents. And as conclusions of law it found that each respondent was entitled to judgment against McCarty for the amount of its claim, with interest thereon from December 5, 1891, to the date of the judgment, and for costs of suit, including $75 for attorney's fees, the two claims aggregating for principal and interest $629.25; and also that respondents were entitled to a decree against appellants for the sale of the said house and lot and the application of $568.75 of the proceeds thereof to the payment of the said judgments in proportion to their respective amounts, and for the application of so much of the balance of such proceeds as might be necessary to pay the said costs and attorneys' fees.

Judgments and decree were accordingly so entered, and the appeal is from that part of the decree directing the payment of the costs and attorneys' fees out of the proceeds of the sale.

The costs and attorneys' fees amounted in the aggregate to $206.35, and whether or not the appellants could rightly be subjected to the payment of that sum, or any part thereof, is the only question presented for decision.

It is urged on behalf of the appellants that they were not personally liable for the debts of the contractor to any lien-holder for materials or labor furnished, and that if they had paid the demands of respondents before the final determination of the action they would have done so at their peril, and would have imposed upon themselves the burden of proving that the demands paid were valid debts of the contractor and secured by valid liens on their property, and that failing to do this, they would have had no recourse against the contractor for indemnity; and hence it is insisted that the twenty-five per cent of the contract price, $568.75, which still remained in their hands was the extent and limit of their liability.

Section 1193 of the Code of Civil Procedure provides that the contractor can recover on a lien filed by him only such amount as is due to him according to the terms of his contract; that he shall defend any action brought to enforce a lien for work done or materials furnished by a subcontractor at his own expense, and that during the pendency of such action the owner may withhold the amount of money for which the lien is filed; that in case of judgment against the owner or his property upon the lien, the amount of such judgment and costs may be deducted by the owner from the amount due or to become due by him to the contractor, "and if the amount of such judgments and costs shall exceed the amount due by him to the contractor, or if the owner shall have settled with the contractor in full, he shall be entitled to recover back from the contractor any amount so paid by him, the said owner, in excess of the contract price, and for which the contractor was originally liable." And section 1195 of the same code provides: "The court must also allow as part of the costs the money paid for filing and recording the lien, and reasonable attorneys' fees in the superior and supreme courts, such costs and attorneys' fees to be allowed to

each lien-claimant whose lien is established, whether he be plaintiff or defendant."

These sections clearly recognize the rights of the successful lien-claimant to recover his costs and a reasonable attorney's fee, and the only question is, Can the payment of such costs and fee be enforced against the owner under circumstances such as are shown here?

Section 1184 of the Code of Civil Procedure requires that "at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract." This provision was evidently inserted for the protection of subcontractors, material men, and laborers, thus giving them, if unpaid, ample time after the work is completed to file their claims of lien and secure payment of any sums 'of money due them.

After the completion of the contract the owner holds the reserved money for payment to the contractor or lien-claimant, as the one or the other may prove to be entitled to it. If there be a contest between them in regard to the money, it is a matter for them to settle between themselves and at their own expense, and with which the owner has no concern. In such a case the owner may and should deposit the money in court and let the contestants then have their rights determined.

In this case there was no contest between the contractor and respondents. By permitting his default to be entered, the contractor in affect admitted that respondents were entitled to the money. The appellants, however, retained the money, and apparently without cause or right raised a contest on every point and fought the case through to the end. By so doing they delayed the respondents in recovering money to which they were justly entitled and put them to unnecessary expense.

Under such circumstances, we think the respondents' costs and attorneys' fees were properly allowed and made payable out of the proceeds of the property ordered to be sold.

The decree should therefore be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the decree is affirmed.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.