[Sac. No. 276.    Department One.—July 8, 1897.]

## A. H. KUHLMAN, RESPONDENT, v. H. F. BURNS, APPELLANT.

BUILDING CONTRACT—FAILURE TO FILE PLANS AND SPECIFICATIONS—VALUE OF LABOR AND MATERIALS.—A contract for the erection of a building, according to certain plans and specifications, for a sum exceeding one thousand dollars, is void, if the plans and specifications are not filed in the office of the county recorder. Under section 1183 of the code of Civil Procedure, the contractor in such a case must be deemed to be the agent of the owner, and the owner cannot be held liable to him for the value of the materials and labor furnished in a greater amount than he paid for them.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A new trial will not be granted on the ground of newly discovered evidence which is merely cumulative.

APPEAL from an order of the Superior Court of Sacramento County granting a new trial.    MATT F. JOHNSON, Judge.

The facts are stated in the opinion.

*L. T. Hatfield*, for Appellant.

*Hart & DeLigne*, and *A. A. DeLigne*, for Respondent.

BELCHER, C.—It is alleged in the complaint in this case that between the twenty-sixth day of March and the twenty-ninth day of September, 1894, plaintiff furnished for defendant, and at his request, materials and

labor for the construction of a three-story brick build-
ing in the city of Sacramento, and that the balance re-
maining due and unpaid for the reasonable value of
such materials and labor is the sum of fourteen hun-
dred and fifteen dollars and thirty-seven cents, for
which judgment is asked with interest.    The answer
denies all the allegations of the complaint, and alleges
that during the year 1894 defendant employed plaintiff
as a mechanic to do certain labor in and upon the prem-
ises described in the complaint, and that he paid to
plaintiff all the money agreed to be paid to him on that
behalf, and is not now, and has not at any time since
the completion of the work by the plaintiff on said
premises been, indebted to him in any sum whatever.

The court found the value of the materials and labor,
furnished by plaintiff for defendant in the construction
of the said building, and the amount paid by defendant
on account of such materials and labor, leaving a bal-
ance of fifty-four dollars and sixty-one cents still due
and unpaid, for which sum judgment was entered in
favor of the plaintiff.

The plaintiff moved for a new trial upon the grounds
of errors in law occurring at the trial, insufficiency of
the evidence to justify the decision, and newly discov-
ered evidence.    After a hearing the court granted the
motion, and from that order the defendant appeals.

It appeared from the evidence introduced at the trial
that the plaintiff was a building contractor, and that he
entered into a written contract with defendant by the
terms of which he was to furnish all the materials and
labor, with certain' exceptions, necessary for the con-
struction of the building, according to certain plans
and specifications, for a sum exceeding one thousand
dollars.    The contract was filed in the office of the
county recorder, but the plans and specifications, which,
by the terms of the contract, were made a part of it,
were not so filed.    The plaintiff contracted for all the
materials and labor used by him in the construction of
the building, and the defendant paid for the same ac-

cording to the contract prices.   Plaintiff testified: "I made a contract with Mr. Knox to furnish the lumber, and Mr. Burns agreed with Mr. Knox to pay for it." Mr. Wallace, a witness for plaintiff, testified: "I furnished part of the hardware used in the construction of that building to Mr. Kuhlman, the contractor.   I would not take him alone for the payment of the hardware bill, and Mr. Burns agreed to pay for it and did pay for it on Mr. Kuhlman's order."   Mr. Cook, a witness for plaintiff, testified that he was an architect by profession and drew the contract, plans, and specifications according to which the building was constructed, and acted as superintending architect during its construction.   "Mr. Kuhlman constructed the building according to said plans and specifications, and the building was accepted on the twenty-ninth day of September, 1894.   The work done and the material and labor was paid for by Burns or by Kuhlman with money received from Burns on my orders."

Plaintiff sought to prove by his witnesses what was the reasonable or market value of the lumber, hardware, and iron used in the construction of the building, and that it was all furnished to him for a price less than its reasonable or market value, because he was a building contractor.   He also sought to prove what was the reasonable value of the carpenter work or carpenter labor necessary for the construction of the building according to the contract, plans, and specifications drawn by Mr. Cook.

This offered evidence was all objected to by the defendant upon the ground that it was irrelevant, immaterial, and incompetent, and the objections were sustained and exceptions reserved.

It was upon these rulings, which were specified as errors in law, that the plaintiff chiefly relied in making his motion for new trial, and the court, assuming them to have been erroneous, granted the motion.

We think the court erred in granting the motion for a new trial; there was no error in the rulings com-

plained of. The contract was wholly void, because the plans and specifications were not filed in the recorder's office. (*Yancy* v. *Morton*, 94 Cal. 558; *Barker* v. *Doherty*, 97 Cal. 10; *Greig* v. *Riordan*, 99 Cal. 316; *Dunlop* v. *Kennedy*, 102 Cal. 443; *Pierce* v. *Birkholm*, 115 Cal. 657.) Plaintiff must be held to have been the agent of defendant (Code Civ. Proc., sec. 1183), and, while acting as such, he could not contract to pay one price for articles purchased, and then subject the defendant to pay him a larger price for the same articles. The defendant had paid for all the materials and labor furnished, except the sum of fifty-four dollars and sixty-one cents, and to pay this sum was, we think, the extent of his liability.

The affidavit read by plaintiff in support of his motion furnished no valid ground for granting the motion. It stated in substance that, after diligent search for it, plaintiff at the time of the trial was unable to find a book in which he kept the time of the carpenters employed on the said building; that without the book, plaintiff could not testify at the trial, from memory, as to the number of days each carpenter employed by him worked on the building; that he had since found the book, and with it he would be able to testify to the number of days each carpenter worked on the building and the amount each received therefor, showing a much larger amount paid for carpenter work than he was able to show at the trial.

At most the newly discovered evidence appears to be cumulative and not ground for granting a new trial. Besides it does not appear that if the book had been present at the trial any different result would have been reached.

The order appealed from should be reversed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.