[S. F. No. 2810.   Department One.—June 20, 1903.]

# E. L. SNELL, Appellant, v. WILLIAM B. BRADBURY, Respondent.

BUILDING CONTRACT—FAILURE TO GIVE BOND—CONSTITUTIONAL LAW.— The provisions of section 1203 of the Code of Civil Procedure, providing for a bond of the contractor to accompany a building contract, being unconstitutional and void, the failure to file such bond cannot vitiate the contract.

ID.—STATEMENT OF AMOUNT IN FILED CONTRACT—MEMORANDUM.— Section 1183 of the Code of Civil Procedure does not require that the building contract filed for record shall state the amount to be paid thereunder, nor that it shall show on its face whether that amount is greater or less than one thousand dollars. Such requirement only applies to what is to be inserted in the "memorandum," which may be filed in case the parties do not choose to file the contract itself.

ID.—CONSTRUCTION OF CODE—PENAL PROVISION—CONSTITUTIONAL RIGHT OF CONTRACT.—Section 1183 of the Code of Civil Procedure, being highly penal in its character, is not to receive a construction unduly favoring the imposition of a penalty or forfeiture thereunder; and as it deals with the constitutional right of the owner of property to make contracts relating to its use and enjoyment, the restriction of such right can only go to the form of the contract, and cannot be extended by construction beyond what is expressed in the statute, nor can the statute receive such a construction as to infringe the right of contract protected by the constitution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

J. J. Burt, for Appellant.

E. C. Chapman, for Respondent.

SHAW, J.—This is an appeal from a judgment in favor of the defendant, given upon an order sustaining a general demurrer to the complaint. The action is to foreclose an alleged lien for materials furnished to a contractor for use in making additions and repairs to a building of the defendant. The complaint is in two counts. The first is based upon the theory that the contract is void because the amount agreed to be

paid thereunder exceeded one thousand dollars, and the contract, though duly filed for record, and in other respects valid, does not state the total amount to be paid thereunder, nor show on its face whether that amount is greater or less than one thousand dollars. The second is founded on the proposition that the contract is void because the parties did not exact or give any bond, as required by section 1203 of the Code of Civil Procedure.

With respect to the second count, it is only necessary to say that it is now settled by the decisions of this court that the provisions of section 1203 of the Code of Civil Procedure, requiring that a building contract shall be accompanied by a bond, are unconstitutional and void. (*Shaughnessy* v. *American Surety Co.*, 138 Cal. 543; *Gibbs* v. *Tally*, 133 Cal. 373.) The statute does not in terms provide that a failure to give the bond as in that section required shall make the contract void and entitle all persons furnishing materials for the building to a lien for the value of the materials furnished, but, if it did so provide, or could be so construed, it would be in that respect inoperative, because the requirement of a bond is beyond the power of the legislature, and the imposition of the penalty, being dependent upon the validity of the provision requiring a bond, would fall with the provision on which it depends.

The decision of the question arising upon the first count of the complaint depends on the construction and effect of a portion of the last sentence of section 1183 of the Code of Civil Procedure. The sentence, a part thereof to which we shall refer, being put in italics for the sake of clearness, is as follows: "All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and shall be subscribed by the parties thereto, and the said contract, *or a memorandum thereof, setting forth the names of all the parties to the contract, a description of the property to be affected thereby, together with a statement of the general character of the work to be done, the total amount to be paid thereunder, and the amounts of all partial payments, together with the times when such payments shall be due and payable,* shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated, who shall re-

ceive one dollar for such filing; otherwise, they shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." The contention is, that this statute requires that the contract shall state the total amount agreed to be paid thereunder, and that if it does not so state it is void, with the consequence that the property is subject to liens, although payment has been made of the contract price. This contention rests chiefly on the claim that the part of the sentence in italics in the above quotation is to be taken not only as a modifying clause to the preceding words, "memorandum thereof," but also to the preceding word "contract," and operates as a statement of the provisions which the contract must contain. This proposition is clearly untenable. It is contrary to the rules of grammatical construction, and not in accordance with the obvious intention of the legislature, which was to set forth in the clause in question the portions of the contract that were to be inserted in the "memorandum thereof," which, it is provided, may be filed in case the parties do not choose to file the contract itself.

It may be further insisted that, conceding that this clause was enacted for the purpose stated, nevertheless, as the memorandum is required to state the "total amount to be paid" under the contract, it must be necessarily inferred that it was intended that the contract also should state such amount, either in one sum or in detail, because otherwise the memorandum could not be made complete, and that this necessary inference is equivalent to a statutory command.

The right to acquire, possess, and protect property includes the right to make all reasonable contracts with respect thereto, and this right is guaranteed by the constitution. The right of the "owner is invaded, if he is not at liberty to contract with others respecting the use to which he may subject his property or the manner in which he may enjoy it." (*Stimson Mill Co.* v. *Braun,* 136 Cal. 125.[1])

The provision in question is also highly penal in its char-

---

[1] 89 Am. St. Rep. 116.

acter, a violation of its mandates subjecting the owner to a liability for debts which he never agreed to pay, and for which he receives no benefit. "A statute which provides for making one person liable for the debts of another, and prescribes how and under what circumstances he shall be held thus liable, is penal in its nature, and, like other statutes which create a forfeiture or impose a penalty, is to be strictly construed against the liability." (*Moore* v. *Lent,* 81 Cal. 506; *Irvine* v. *McKeon,* 23 Cal. 474; *Trumpler* v. *Bemerly,* 39 Cal. 490.) There may be some doubt whether this rule of construction, which obtained before the codes were adopted, is to be given its full force under the provisions of the code. (Code Civ. Proc., sec. 4; Pen. Code, sec. 4; *Ex parte Gutierrez,* 45 Cal. 429; *People* v. *Soto,* 49 Cal. 68.) But, however this may be, it will be conceded that such statutes should not receive a construction unduly favoring the imposition of a penalty or forfeiture. And in the case of a statute which deals with the constitutional right of an owner of property to make contracts relating to its use and enjoyment, the restriction of the right can go only to the form of the contract (*Stimson Mill Co.* v. *Braun,* 136 Cal. 125[1]), and cannot be extended by construction beyond what is expressed. It is apparent that the legislature merely assumed that building contracts would usually state the whole contract price, and, in view of that general condition, enacted the provision concerning the memorandum. Had it been the purpose to compel persons to state in every contract the whole amount that could in any event become payable under its terms, or, failing to do so, suffer the penalty imposed, we must suppose that so serious an invasion of the right of property would have been expressly and unequivocally stated, and not left to inference. We cannot give the language of the code the effect here claimed.

There is nothing in the terms of section 1184 of the Code of Civil Procedure that is contrary to this conclusion. It requires the contract price to be made payable in installments, at specified times, and that twenty-five per cent must be payable at least thirty-five days after the completion of the work. But this can be done without stating either the amount of each payment or the total amount of them all. A statement.

[1] 89 Am. St. Rep. 116.

of this total is not required by the terms of the section, nor necessary to effect its purpose.

The contract involved was for the lathing and plastering of certain additions to a house, at nineteen cents a square yard, and the removal of the old plastering and replacing it with new, in some of the rooms where directed by the owner, at thirteen cents a square yard. The amount of plastering to be done was thus left indeterminate, depending on the future directions of the owner. There is nothing to show that the new lathing and plastering to be done under the contract would have amounted to more than one thousand dollars, at the price named, if completed. The allegation is, that all the work to be done and materials to be furnished (the contract having been completed), including the old with the new, did in fact amount to more than one thousand dollars. It is not unreasonable to suppose that the amount of old plastering to be taken off and replaced could not be ascertained at the time the work began. In case of the removal of a building, or in any case where alterations are made to an old building, the performance of the new work may in itself damage the old one, and make it impossible to know or determine in advance how much of the old plastering may need to be removed. In such a case it may be necessary to make the contract for a fixed price per yard, or to merely contract for the work, in either event leaving the total amount to be determined by the performance, and, if no measure of value is fixed, by the reasonable value of the work. The right to make such contracts, under such circumstances, is necessary to that full enjoyment of property which is protected by the constitution. To take away this right, would be an infringement of the constitutional guaranty. There is nothing in the statute which expressly prohibits such a contract, and the court cannot construe it to have an effect which would make it unconstitutional.`

For these reasons the judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.