[Civ. No. 82.　First Appellate District.—January 20, 1906.]

WILLIAM CAMP et al., Respondents, v. BERTHA BEH-
LOW, Appellant.

ASSUMPSIT—UNRECORDED BUILDING CONTRACT—VALIDITY BETWEEN PAR-
TIES—TEST OF CONTRACTORS' RECOVERY.—In an action of *assumpsit*
by contractors on a building contract for more than one thousand
dollars, in which no lien is involved, the fact that the contract was
not recorded is immaterial. The contract is not void between
the parties, and constitutes the measure and test of recovery by
the contractors, who must show a substantial compliance with its
terms.

ID.—RECORD UPON APPEAL—PRIMA FACIE SHOWING OF SUBSTANTIAL
COMPLIANCE—SPECIFICATIONS NOT SHOWN.—Upon appeal by the
owner from a judgment in favor of the contractor, if the record does
not contain any copy of the plans and specifications, but contains
evidence showing *prima facie*, in connection with the contract al-
leged and not denied, that plaintiffs substantially complied with the
contract, an objection that certain specifications were not complied
with cannot be considered.

ID.—MEASURE OF COMPENSATION FOR LABOR AND MATERIALS.—The fact
that the contract was unrecorded cannot limit the recovery by the
contractor to the actual cost of work done and materials furnished;
but the contract price is the measure of compensation in an action
brought upon the contract.

ID.—TESTIMONY OF ONE OF PLAINTIFFS—REASONABLE VALUE OF CON-
CRETE WORK.—The testimony of the plaintiffs as to what was the
reasonable value of the concrete work done, and as to his knowl-
edge of what was usually charged by concrete men for similar work,
was admissible, and was relevant and material under the claim in
*assumpsit*.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order denying
a new trial.　Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

John T. York, and Bell, York & Bell, for Appellant.

Otto tum Suden, for Respondents.

COOPER, J.—This action was brought to recover a balance
of $863 for the performance of certain concrete work on the

basement of a stone building. The court made findings, upon which judgment was ordered and entered for plaintiff in the sum of $663, and costs. This appeal is from the judgment and order denying the defendant's motion for a new trial.

The complaint alleges that in August, 1900, the plaintiffs entered into a contract with defendant by which they agreed to furnish the labor and material and complete the concrete work of a certain two-story building, in conformity with certain plans and specifications, for the sum of $1,449, in four equal installments of $362.25 each, payable at certain designated times as the work progressed; that for additional and extra work the price per cubic foot of concrete should be in accordance with the contract price for the other work, and that the extra work so done amounted to $238.50; that defendant has paid plaintiff on account the sum of $924.50, and no more, leaving a balance of $863 due and owing on the contract. The complaint further alleges in a separate paragraph that the reasonable value of the work done and performed by the plaintiffs for the defendant under the terms of the contract is $1,787.50, and that defendant has paid plaintiff $825 thereon, and no more, and that the sum of $863 remains wholly unpaid. Defendant denied most of the allegations of the complaint, and alleged "that the plaintiffs wholly failed, refused and neglected to perform the said work in accordance with the said alleged contract, or plans, or specifications. That said specifications provided that, as shown on plans and sections, all the walls were to be plastered on the outside with one-inch thick cement mortar, also the bottom and sides of foundation were to have one-inch thick of plastering of said mortar, to be in equal thickness and smooth to make a perfectly water-tight basement." It is further alleged in the answer that the walls of the building were not made water-tight, and that by reason thereof, and by reason of the failure to place upon the outside thereof a plaster of cement mortar, the building has been greatly damaged. Upon the issues thus made the case was tried. The contract was not recorded before the commencement of the work, and hence was void as to laborers and materialmen; but as no question is involved as to any laborers' or materialmen's claims, or any lien of any kind, the fact that the contract was not recorded becomes immaterial. The court found that the defendant was indebted to the

plaintiffs in the sum of $663 for labor performed and materials furnished in the erection and construction of the concrete work on the basement of the building described in the complaint, all at the special instance and request of the defendant.

The defendant's first point is that the plaintiffs cannot recover because they have not shown a substantial compliance with their contract. In an action of *assumpsit* a building contract, which has not been recorded, and hence is void as against subcontractors and materialmen, nevertheless constitutes the measure and test of the right to recover, and the contractor must show a substantial compliance with the terms of the contract, and the measure of his recovery must be limited by the terms of the contract. (*Laidlaw* v. *Marye*, 133 Cal. 170, [65 Pac. 391].) That the work in this case was done under a written contract is not denied in the answer. The evidence shows that nine thousand six hundred and sixty cubic feet of concrete work under the contract, and fifteen hundred and ninety feet of extra work, were performed by plaintiffs for defendant. The bill for the extra work, fifteen hundred cubic feet at fifteen cents per cubic foot, amounting to $238.50, was certified to as being correct by defendant's architects. The witness Zimmerman testified that the work was first class. There was evidence that the reasonable value of concrete work was fifteen cents per cubic foot. The evidence in connection with the contract, as alleged and not denied, is sufficient to show that plaintiffs performed the amount of concrete work called for by the contract, that the price does not exceed that called for by the contract, and that the amount found to be due is within the limits of the amount agreed to be paid. The defendant claims that the walls were not properly covered with cement mortar, and were not water-tight, and hence that the plaintiffs did not comply with the contract and specifications; but she has not furnished us with the contract or the specifications. She asks us to measure the work done by the standard furnished by the contract and specifications, and yet does not furnish in the record any copy of the plans or specifications. Without the contract and specifications, or that portion of them bearing upon the question, we cannot say that they required any outside coat of cement mortar one inch thick, or that the walls were required to be water-tight. The evidence is sufficient

*prima facie* to show that plaintiffs substantially complied with their contract.

The second point claimed by defendant is "that the owner cannot be held liable to them (plaintiffs) for the value of the materials and labor furnished in a greater amount than they paid for them." If we apprehend correctly the argument of defendant's counsel on this point, it is that in case a written contract in excess of $1,000 is not recorded, the contractor cannot recover of the owner any greater amount than such contractor has actually paid out for labor and materials. We know of no such rule. On the contrary, it is expressly held in *Laidlaw* v. *Marye, supra,* otherwise. It is there said: "Therefore, as between him and the owner, the contract must remain, not the basis of his recovery, but the measure and test of his right to recover. He must still show a substantial compliance with its terms to warrant any recovery at all, and under implied assumpsit must be limited, as to him, by the contract price." The remarks of the court in *Kuhlman* v. *Burns,* 117 Cal. 469, [49 Pac. 585], were made upon the theory that the contract when not recorded was void even as between the owner and contractor. Such is not the law as shown in *Laidlaw* v. *Marye.* Not only this, but in *Kuhlman* v. *Burns* the plaintiff, treating the contract as absolutely void, sought to recover the reasonable value of materials and labor furnished, for which the defendant had paid. It was properly held in an action for the reasonable value of such labor and materials (treating the contract as void) that the plaintiff could not recover a larger price for such labor and materials than had been paid. But as it has since been held that such contract is not void as between the parties, and is the measure of compensation in an action brought upon it, the doctrine of *Kuhlman* v. *Burns* is no longer the law. It was not error for the court to admit the testimony of plaintiff Carillon to the effect that the reasonable value of the concrete work done was fifteen cents per cubic foot. The objection to the question was upon the ground "that the witness had not shown himself qualified to testify upon that subject, and upon the further ground that the testimony was immaterial and incompetent, and that plaintiff could only recover in this action, if at all, the money actually expended by them in the performance of the work."

After the objection was made the witness, in answer to questions by the presiding judge, stated that he knew what is charged by concrete men for similar work, and that he had spoken to contractors about it.   Therefore defendant does not insist upon this point of the objection.   In fact the argument of defendant's counsel is directed to the claim that the evidence was not admissible under *Kuhlman* v. *Burns, supra*. What has been said under the second point disposes of this, and it is not necessary to repeat it.   The testimony was relevant and material under the claim in *assumpsit*.

This disposes of all the questions argued by defendant in her brief.

The judgment and order are affirmed.

Harrison, P. J., and Hall, J., concurred.

A petition to have the cause heard in the superior court, after judgment in the district court of appeal, was denied by the supreme court on March 21, 1906.