[Civ. No. 450.  First Appellate District.—April 16, 1908.]

## W. G. NEEDHAM, Respondent, v. JESSIE A. CHANDLER, Appellant.

BUILDING CONTRACT—ACTION BY CONTRACTOR FOR COMPENSATION—PERCENTAGE OF COST—FILING UNNECESSARY.—A written contract between the owner of a lot and a contractor, as an agent for the owner, to construct a building thereupon for a compensation of ten per cent of the actual cost thereof is valid between the parties, without being filed with the recorder, although the amount to be expended in cost is the sum of $4,000, where no right of any claimant of a lien is involved, but the controversy wholly relates to the extent of the compensation of the contractor, in a suit by him against the owner of the property.

ID.—PLEADING—PERFORMANCE OF CONDITIONS BY PLAINTIFF—PROOF.—In the action by the contractor, the performance of the conditions on his part under the contract need not be set forth in full in his complaint; but it is sufficient to state generally that the plaintiff duly performed all the conditions of the contract on his part to be performed. If such allegation is controverted, the plaintiff must establish on the trial facts showing such performance.

ID.—FINDINGS—AVERMENTS IN ANSWER INVOLVING DENIAL OF PERFORMANCE—GENERAL FINDING SUFFICIENT.—It was not necessary that the court in its findings should negative facts affirmatively averred in the answer, which are merely another form of denial that plaintiff had performed the conditions of the contract. In such case, it is sufficient to find that all of the allegations of the complaint are true, which negatives every form of denial that the plaintiff had performed the terms and conditions of his contract.

ID.—CONSTRUCTION OF FINDINGS—SUPPORT OF JUDGMENT.—Findings should be so construed as to support the judgment, where it can be done; and if, taking them as a whole, in view of the entire record, they fairly dispose of the material issues raised by the pleadings on which evidence was offered, the judgment will be upheld.

Id.—Conflicting Evidence as to Character of Work—Province of Trial Court—Findings not Disturbed.—Where the evidence was conflicting relative to certain portions of the work and finish of the building, and as to whether it was done in a workmanlike manner, it was within the province of the trial court, which saw and heard the witnesses, to determine such conflict; and the findings in favor of the plaintiff, which are sufficient to support the judgment in his favor, will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

N. H. Hurd, for Appellant.

Waite, Keyes & Martin, for Respondent.

COOPER, P. J.—This action was brought to recover a balance of $1,559.17, for money paid out and expended and commissions earned by plaintiff under a contract for the construction of a building for defendant. The case was tried before the court, findings filed and judgment entered thereon in favor of plaintiff. This appeal is from the judgment.

The contract out of which the controversy arose was made May 29, 1905, and was in writing. It provided that in consideration of a commission of ten per cent of the cost of construction of the building the plaintiff would draw all plans and specifications, and, when completed, turn over all bills properly signed; that plaintiff would procure all materials at the lowest possible cost to defendant, and in every way possible save expense to defendant; that the defendant should advance the money in four payments of about $1,000 each, the first payment to be made when the frame was up, the second payment when the brown mortar was on, the third payment when the building was completed, and the fourth payment when all bills were paid. There was in the contract no limitation in the cost of the structure except the reference to the four payments of about $1,000 each, as before stated. It was clearly agreed that the plaintiff was to be paid by a percentage of the actual cost of the building. It is stated in defendant's brief that plaintiff "offered and introduced in evidence the contract set forth in his amended complaint, and testified that he had

complied with all the terms and conditions of the same, and performed all of his obligations thereunder. He also introduced evidence and vouchers, showing on their face the payment of the various sums testified to by him.'' We have found no testimony, and none has been pointed out to us, tending to contradict the payment of the amounts as stated in the vouchers, or that the several amounts so paid were not the reasonable value of the items represented by the vouchers.

It is claimed that the court should have found upon the defense set up by defendant, to the effect that the contract was in writing, exceeded $1,000 in amount, and that it was not recorded.

In our opinion it was wholly immaterial as to whether or not the contract was filed for record. The controversy is between the original parties to the agreement. It does not involve any question as to a lien for material, labor or the claim of a third party. The contract in effect was merely an authorization in writing, by which plaintiff was to act as agent for defendant for a compensation named in the writing. The law does not require such contract to be recorded. (*Camp* v. *Behlow,* 2 Cal. App. 699, [84 Pac. 251].)

It is claimed that the court failed to find upon the issues raised by certain affirmative allegations contained in the answer. It is not clearly pointed out as to the issues raised by the answer on which the court should have found. We have very carefully examined the answer, and we find that, after denying that the plaintiff complied with the contract on his part, or that he completed or fulfilled the terms and conditions of the contract, the defendant avers: ''That plaintiff employed unskilled and incompetent workmen to perform the work and labor of constructing said building, and left unfinished and carelessly done certain portions of said building; and through incompetence and mismanagement made it necessary that a certain stairway and rooms be altered and rearranged at great delay and much additional expense; that the floors in certain rooms were improperly laid and roughly made; that the basement was not hard-coated on the outside, and in consequence thereof leaked and became damp and useless; that he did not build a fence about said premises.'' The court found that all the allegations of the amended complaint are true, except as to the amount alleged to have been paid out and expended by the plaintiff under his contract with

defendant, which amount the court found to be $23 less than that named in the complaint. The complaint alleges that plaintiff, in accordance with the terms of the agreement, contracted for, purchased and used materials and labor in the erection and construction of the building, the value of which was $4,959.36; that the building was completed, and occupied by defendant, on or about the ninth day of September, 1905; that after deducting the amounts paid by defendant there remained due to plaintiff from defendant the sum of $1,063.23, for money actually expended by plaintiff for materials and labor used and employed in the erection of the building, together with $495.94 due as commission under the contract; "that plaintiff has complied with all the terms and conditions of the said agreement, has completed and fulfilled his part thereof in every way whatsoever." It is provided in the code that in pleading the performance of conditions precedent in a contract it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish on the trial facts showing such performance. (Code Civ. Proc., sec. 457.) In the case at bar the plaintiff complied with the above-quoted section in his pleading. The allegations were controverted by defendant by a positive denial that the plaintiff had "complied with all the terms and conditions of his contract, or that he has completed or fulfilled his part thereof in every way whatsoever or in any manner or at all"; and in the same paragraph of the answer containing the above denial occur the quoted affirmative averments upon which it is claimed the court failed to find.

In our opinion the affirmative averments were but another way of denying that the plaintiff had complied with the terms and conditions of the contract. The answer was sufficient, without the affirmative matters stated, and the issue was squarely made as to whether or not the plaintiff had properly completed the building, and expended the money as alleged. If the plaintiff complied with all the terms and conditions of his contract (which the court finds that he did do), it necessarily follows that he did not employ unskilled and incompetent workmen; that he did not leave the building unfinished; that the floors in certain rooms were not improperly laid and roughly made, and so of the other alleged

failures to comply with the contract. A finding that all the allegations of the complaint are true is sufficient. Such finding has always been held to negative the denials of the answer as to the allegations of the complaint. If the effect of an affirmative allegation following and in connection with a denial is but to emphasize the denial of the answer, it is not necessary that there should be a finding on such affirmative allegation. The object of pleadings is to arrive at the issue or issues on which the cause of action or the defense thereto depends. The object of findings is to determine such issue or issues. Findings should be so construed as to support the judgment where it can be done. If apparently inconsistent, they should be reconciled, if reasonably possible to do so. If upon an immaterial issue, they should be disregarded. If, taking them as a whole, in view of the entire record, they fairly dispose of the material issues raised by the pleadings on which evidence was offered, the judgment will be upheld.

Applying the above principles to the case at bar, we are of the opinion that the findings are sufficient. The evidence was conflicting as to certain portions of the work and finish of the building, and as to whether or not it was done in a workmanlike manner. The trial court heard the evidence, saw the witnesses, and appears to have patiently and carefully considered the case. It found in favor of the plaintiff against the defendant on such conflicting testimony. The defendant understood the findings, and they support the judgment.

The judgment is therefore affirmed.

Hall, J., and Kerrigan, J., concurred.