[Civ. No. 506.    Second Appellate District.—July 9, 1908.]

# LOS ANGELES PRESSED BRICK COMPANY, a Corporation, Respondent, v. THOMAS HIGGINS, Appellant; and GEO. H. ALPETER, THOS. N. HALL and J. PHILLIP ALPETER, Doing Business Under the Firm Name of ALPETER, HALL & ALPETER, Respondents.

MECHANICS' LIENS—VALIDITY OF CONTRACTS—FILING WITH RECORDER—ACTION BY CONTRACTORS AGAINST OWNER—ADMISSION OF PLEADINGS—UNNECESSARY FINDING.—In an action by the contractors against the owner, upon three several contracts, to construct a building, in which the complaint alleges the filing of the three contracts with the recorder, and the owner, without joining issue thereon, repeated the same allegation in his answer, the contractors are entitled to recover the balance due under the three contracts, and no finding is necessary under the pleadings as to the reasonable value of the services of the contractors.    [By Supreme Court.]

ID.—INVALIDITY OF FIRST CONTRACT AS TO LIEN CLAIMANTS—CONSOLIDATED ACTION—ADMISSIONS OF PLEADINGS NOT AFFECTED.—Although it appears that the first contract was void as to lien claimants for failure to file it with the recorder, and that the action is a consolidated action for the purpose of trial as to lien claimants, these facts cannot change or affect the admissions of the pleadings as between the contractors and the owner.    [By Supreme Court.]

ID.—RIGHT OF CONTRACTOR TO RECOVER UNDER UNRECORDED CONTRACT—NECESSITY OF FINDING AS TO VALUE OF SERVICES—REMARKS NOT APPROVED.—*Held*, that the refusal of the supreme court to order a transfer of this cause to that court must not be understood as an approval of the remarks in the opinion of the district court of appeal that the contractors may recover upon an unrecorded contract, and that in an action thereon it is not necessary for the court to make a finding as to the reasonable value of the work done on the building.    [By Supreme Court.]

ID.—ONE OF THREE CONTRACTS VOID AS TO LIEN CLAIMANTS—FAILURE TO SEGREGATE CLAIMS—PERSONAL JUDGMENTS AGAINST CONTRACTORS.—Where only one contract was void as to lien claimants, and two others were valid, and the liens of claimants who failed to segregate the amount of their labor done or materials furnished under each contract were adjudged invalid, the court properly rendered personal judgments in their favor against the contractors.

ID.—DEPOSIT BY OWNER OF BALANCE DUE CONTRACTOR—APPLICATION BY COURT—LIENS—PERSONAL JUDGMENTS.—Where the owner de-

posited in court the balance due the contractor under the three contracts, under tender thereof for the benefit of the contractors and for the satisfaction of claimants of liens against his property, the owner is not injured by the application of the deposit, first, in payment of valid liens, with costs, and of the residue, in payment *pro rata* of the personal judgments rendered in favor of the other claimants against the contractors. The contractors are the only parties who can complain of the payment of such judgments.

Id.—Attorneys' Fees not Allowable—Void Payment from Deposit. Attorneys' fees cannot be allowed to successful lien claimants; and a direction that attorneys' fees be paid in their favor out of the amount deposited in court is void.

Id.—Withdrawal of Deposit not Permitted.—The court properly refused to allow the owner to withdraw the deposit pending the appeal. It must remain in court to abide the final judgment in the cause.

Id.—Object and Construction of Mechanic's Lien Law.—The mechanic's lien law is intended to supply the means for the enforcement of the constitutional right of lien; and it must be construed with a view to accomplish its constitutional purpose. In interpreting it, it is not to be considered as a general law relating to contracts and contractual rights, but a means provided whereby a laborer, mechanic or materialman may declare his intention to exercise his constitutional right and enforce his lien.

Id.—Failure of Lien—Right to Personal Judgment Independent of Constitution or Law.—Upon the failure of the lien of the contractor, his right to a personal judgment against the owner, and upon the failure of other liens, the right of each claimant to a personal judgment against the contractor, is, in either case, in no way dependent on the constitutional right to a lien, or on the mechanic's lien law.

Id.—Effect of Failure to File Contract.—The failure to file the contract with the recorder, when required by law, is to render the contract void as a limitation of the liability of the owner, and the penalty as to him is the exercise by lien claimants of a right of lien coextensive with the value of the property, except in the case of the contractor, whose right to a lien is thereby lost; and the parties in that case are relegated to their legal rights.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from orders refusing to vacate the judgment and to amend the conclusions of law; and refusing to permit the withdrawal of a deposit made in court. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, J. Wiseman McDonald and Thomas P. Higgins, for Appellant.

Charles L. Batcheller, Percy B. Lhoyd, Scarborough & Bowen, W. D. McConnell, Munson & Barclay, Jones & Weller, and Hutton & Williams, for Respondents.

TAGGART, J.—Consolidated action on mechanics' liens. Appellant Higgins is the owner of a six-story brick building erected for him in the city of Los Angeles by respondents Alpeter, Hall & Alpeter as contractors, in accordance with three separate contracts in writing, to wit: (1) One to construct a four-story building for the sum of $40,500; (2) another to furnish labor and materials for walls, roof and interior bearing partitions of two additional stories, for the sum of $4,700; and (3) the third to complete the fifth and sixth stories of the building according to the plans and specifications therefor, for the sum of $9,200. As found by the court, Alpeter, Hall & Alpeter completed all work and furnished all materials required by said contracts, except as modified by agreement of the parties, which modification entitled the owner to a credit of $220 for bath tubs not furnished; and except as to painting and polishing the floors, upon which the owner expended the sum of $2,354.75 for work not done by the contractors. The contractors also furnished extra labor and material to the value of $2,857. The aggregate value of all labor performed and material furnished was found by the court in the following words and figures: ''That the total amount of all of said materials and labors agreed to be furnished in the construction of said building and appurtenances thereto, including the contract prices in said contract and the contract price and reasonable value of such additional labor and material, and less the credit for said bath tubs of $220, is the sum of $57,037.''

In addition to the $2,354.75 paid for painting and polishing the floors the owner, prior to the filing of the liens of plaintiffs against the property, had also paid to the contractors the sum of $38,689.01, and was entitled to a total credit on contracts and extras of $41,043.76, leaving a balance unpaid from the owner to the contractors of $15,993.24.

The contractors filed a lien against the building for an alleged unpaid balance of $18,617.99, and thirteen other persons claiming to have furnished labor and material in the construction of the said building filed liens aggregating an amount in excess of that sum. The several actions brought to foreclose these liens were consolidated for the purpose of trial. The defendant-owner, Higgins, deposited in court the amount of the balance alleged by said contractors to be due to them, to wit, $18,617.99, to abide the order and judgment of the court.

The court finds that contract No. 1 was never filed for record, but that contracts 2 and 3 were regularly filed; that notice of completion of the work under the second contract was filed February 27, 1905, and under the first and third July 10, 1905. The claim of lien of the contractors is declared invalid because the amount due under each contract is not segregated and separately stated, and the same finding is made as to all the lien claimants, except Howe Brothers, the Consolidated Lumber Company and Harry C. Bowers; and as to the latter it is found that his assignor, whose lien he is seeking to foreclose, is not entitled to recover because of failure to comply with his contract. The liens of Howe Brothers and the Consolidated Lumber Company are declared valid and entitled to be enforced, and an allowance of attorney's fees made in each of said cases for foreclosure.

As conclusions of law, the court finds that Alpeter, Hall & Alpeter are entitled to judgment against Higgins for the sum of $15,993.24, with interest; and that each of the other lien claimants, except Harry C. Bowers, is entitled to a judgment against said contractors for a certain sum stated. Judgment was given in accordance with these conclusions, and it was directed by the judgment that the attorney's fees allowed be paid out of the $18,617.99 deposited in court by the owner; and that the $15,993.24 found due from the owner to the contractors be applied, first, to the payment of the two valid liens, with costs, and the residue applied *pro rata* in payment of the personal judgments in favor of the other claimants against the contractors.

Appellant moved to vacate the judgment and to amend the conclusions of law because not supported by the findings of fact; and also moved the court to permit him to withdraw the deposit made by him and to substitute an undertaking to

stay execution in lieu thereof, both of which motions were denied. He appeals from the judgment and the order of the court denying these motions.

His principal contentions on appeal are, that the first contract being void for failure to record it, the contractors must recover from the owner, if they recover at all, for the reasonable value of the materials furnished and labor performed; and that there is neither allegation in the complaint nor finding by the court to support such a recovery; that the claimants who failed to establish valid liens are not entitled to have their personal judgments against the contractor paid in whole or in part out of the fund deposited in court by appellant; and that the allowance of attorney's fees to the two valid lien claimants is void.

The clause in section 1183 of the Code of Civil Procedure providing that the failure to file a building contract in the county recorder's office shall render it "wholly void" is penal in its nature. It is to be construed in connection with the rest of the section in which it is found, as well as with regard to the section of the constitution creating the mechanic's lien, for the enforcement of which the lien law was provided. (Art. XX, sec. 15.) It is an arbitrary provision and is not to be extended to any contract not falling strictly within its letter. (*Kiessig* v. *Allspaugh*, 99 Cal. 454, [34 Pac. 106].) No (merely technical) construction can be indulged for the purpose of visiting a penalty upon the owner, unless there has been a substantial failure to comply with the law, which (such as) if continued would defeat the remedial purposes of the statute; but if there be a reasonable doubt as to the construction of the statute, or as to whether the defendants complied with it, they should have the benefit of it. (*Joost* v. *Sullivan*, 111 Cal. 296, [43 Pac. 896].)

Appellant's position that the contract is void, even as between the owner and contractors, is sustained by some of the earlier cases in this state, but in the later cases it has been demonstrated that such a construction of the lien law is not essential to the purpose of the constitutional provisions creating the right of lien. (*Laidlaw* v. *Marye*, 133 Cal. 176, [65 Pac. 391].) Certain provisions of the statute, formerly considered as effective, have been declared to interfere with the constitutional rights of an owner of property to make con-

tracts relating to its use and enjoyment (*Stimson Mill Co.* v. *Braun,* 136 Cal. 122, [89 Am. St. Rep. 116, 68 Pac. 481]; *Snell* v. *Bradbury,* 139 Cal. 379, [73 Pac. 150]), while others have been said to be not necessary to carry out the constitutional requirements as to liens for labor bestowed upon and material furnished to construct or improve property, and have been held to exceed the legislative power. (*Hughes Bros.* v. *Hoover,* 3 Cal. App. 145, [84 Pac. 681].)   Every provision of the law which the legislature may enact must be subordinate to, and in consonance with, the constitutional provision. (*Hampton* v. *Christensen,* 148 Cal. 737, [84 Pac. 200].)

Speaking of the clause of section 1183 here under consideration the supreme court, in the opinion in *Laidlaw* v. *Mayre,* 133 Cal. 176, [65 Pac. 391], says: "When the statute declares that the contract shall be wholly void it means . . . it is wholly void as to the third class above designated [subcontractors, materialmen, artisans and laborers], who thereupon become entitled to liens for the full value of their material and service, and are deemed to have furnished them to the owner at his special request. . . . As between him (the contractor) and the owner, the contract must remain, *if* not the basis of his recovery, (but), the measure and test of his right to recover." (We have inserted the word in italics "if," and eliminated the word in parenthesis, "but.")   In distinguishing the case of *Kuhlman* v. *Burns,* 117 Cal. 469, [49 Pac. 585], it is said by Cooper, J., of the court of appeal for the first district: "But as it has since been held that such contract is not void as between the parties, and is the measure of compensation in an action brought upon it, the doctrine of *Kuhlman* v. *Burns* is no longer the law." (*Camp* v. *Behlow,* 2 Cal. App. 699, [84 Pac. 251].)   This declaration of the law is rested upon the opinion in *Laidlaw* v. *Marye,* and a petition for a rehearing of the case in which it was made was denied by the supreme court.   The supreme court in *Sullivan* v. *California Realty Co.,* 142 Cal. 201, [75 Pac. 767], an action brought by the owner to have an unrecorded contract canceled because void, also says: "For the reasons fully given in the late case of *Laidlaw* v. *Marye,* 133 Cal. 176, [65 Pac. 391], the plaintiff cannot claim the contract to be void as between the parties to it.   The statute was intended for the

protection of subcontractors, materialmen, artisans, and laborers, and to preserve to them the right to liens.''

The complaints in both the Laidlaw and the Camp cases contained two counts, one stating a cause of action in *assumpsit,* and the other one based upon the contract. While the complaint of the contractors in the case at bar does not state these two causes of action separately, it alleges in detail the furnishing of the labor and materials required by the several contracts, and a completion of the work in accordance with their terms, and this is followed by the allegation that ''said sum of $57,307 was, at the time, the reasonable value of said materials and labor so furnished as aforesaid.'' This was sufficient against the attack made upon the complaint here, if an allegation of reasonable value was necessary.

There was, however, no express finding of the reasonable value of the material furnished and labor performed, but since the contract is not void between the parties, but is the measure of compensation, and the measure and test of the contractors' right to recover, this was not necessary. The finding of the contract prices agreed to be paid and of the value of the materials and labor furnished by the contractors in accordance therewith is a sufficient finding of the amount which Alpeter, Hall & Alpeter were entitled to recover.

It is contended by appellant that, to the extent that it attempts to execute the personal judgments of the laborers and materialmen against the fund deposited in court by the owner, Higgins, the decree or judgment finds no warrant in the statute or under the practice in the courts of this state. That these judgments are in no respect different from the ordinary money judgment for services rendered or merchandise sold and delivered, and as there is no statutory provision authorizing the application of a deposit so made to the payment of such judgments, the direction to that effect therein is void.

While for various purposes the proceeding to foreclose a mechanic's lien in this state has been said to be a suit in equity, and may be termed a statutory proceeding of an equitable nature, equity itself raises no lien on behalf of the mechanic or materialman. (*Ellison* v. *Jackson,* 12 Cal. 555.) The debt created by furnishing labor or materials for a building and the lien given therefor are two distinct matters; the former may be enforced, as any other debt, while the lien

exists only by statute and must be enforced by the special proceeding provided for that purpose. (*McNiel* v. *Borland*, 23 Cal. 149.) When the case last cited was decided a "special proceeding" was provided by statute for the enforcement of such liens, while under the code the general procedure for the foreclosure of liens is made applicable (Code Civ. Proc., sec. 1198), but a separate action on the debt may still be maintained. (Sec. 1197.)

A lien claimant, whose lien has been declared invalid, may, in the action brought to foreclose the lien, obtain a personal judgment against the contractor to whom he furnished materials or at whose instance he rendered service. (*Marchant* v. *Hayes*, 120 Cal. 137, [52 Pac. 154].) For this reason the contractor may and should be made a defendant in the action. (*Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 193, [20 Pac. 419].) The owner, however, is rendered liable to a materialman, laborer, or subcontractor only by reason of the lien, and neither of these persons is entitled to a personal judgment against him. He is under no obligation to pay such claimants for material or labor furnished by them to the contractor. (*Adams* v. *Burbank*, 103 Cal. 646, [37 Pac. 640].) It has been held that a general creditor is not entitled to a judgment providing that the remainder of the fund due from the owner to the contractor, after the payment of the valid liens, if there be any, shall be distributed to him to the extent of his lien (*Kennedy-Shaw L. Co.* v. *Priet*, 113 Cal. 291, [45 Pac. 336]) ; also that such a general creditor cannot be deemed to be included in an offer of the owner to pay to the persons claiming to be lienholders, in proportion to their respective claims, the amount admitted to be due from him to the contractor, whenever the respective amounts due to each lienholder is determined. (*Kennedy-Shaw L. Co.* v. *Priet*, 115 Cal. 98, [46 Pac. 903].)

The tender in appellant's pleading here (answer to complaint of Alpeter et al.) is: "Said owner hereby tenders and offers to pay into court, any sum that may be found justly due from him to said contractors under the terms of the said contracts, for the benefit of the said contractors and the lien claimants, upon a proper discharge and full satisfaction of the said claims of lien and demands as against his said property." The same tender is made in the answers to the com-

plaints of the various plaintiffs, and the prayer which is substantially the same in this respect in the several answers to the various complaints is no broader than the tender made. The recital in the finding is, ''and at the commencement of the trial the defendant Higgins having deposited in court the sum of $18,617.99 to abide the judgment of the court in these causes, and to be applied in satisfaction of such judgment as the court may direct.''

It is apparent that the terms of both tender and finding are sufficient to justify the application of the fund to the payment of the personal judgment obtained by the contractors, Alpeter, Hall & Alpeter, notwithstanding the failure of their lien, and that it was competent for the court to impress the fund with the payment, first, of the valid liens with the costs properly allowable to the parties filing them, and next with the judgment of Alpeter, Hall & Alpeter after deducting the amounts of the liens of Howe Brothers and the Consolidated Lumber Company, with such costs as the court allowed to them. This would apply the entire $15,993.24 in a manner to which the appellant Higgins under his deposit could not object.

The right of the court, then, to distribute that portion of the sum awarded to the contractors among the persons obtaining a personal judgment against them became a matter which concerned the contractors only, and for the purpose of deciding this appeal it is unnecessary for us to determine whether the trial court was or was not authorized, either by statute or the terms of the deposit, to so apply the fund to which the contractors were entitled. After the ascertainment by the court that there was due to the contractors from the owner of the building the sum of $15,993.24, the only interest of appellant in the sum deposited by him was to have the balance returned to him after paying said sum, with interest thereon from the date of the judgment. The $15,993.24 was applied strictly within the terms of the deposit, to the payment of what was due to the contractors and the discharge and satisfaction of liens regularly established against the property.

The allowance of attorney's fees to the successful lien claimants was erroneous (*Builders' Supply Depot* v. *O'Connor*, 150 Cal. 265; [119 Am. St. Rep. 193, 88 Pac. 982]), and the direction that the same be paid from said sum deposited

was void.   In all other respects in which the judgment affects the rights of appellant, it appears to be supported by the findings, but in this respect he is entitled to have the judgment modified.

It is, therefore, ordered that the words and figures, "together with the additional sum of $400 as a reasonable attorney's fee for foreclosing their lien," in paragraph 13; "together with the additional sum of $100 as a reasonable attorney's fee for foreclosing their lien," in paragraph 14; "and then to the payment of $400 attorney's fees adjudged to the said Howe Brothers, and $100 attorney's fees adjudged to the said Consolidated Lumber Company, *pro rata*, until all of said attorney's fees are paid, . . . and said attorney's fees," . . . and "other than the attorney's fees," in paragraph 16; "and the clerk of this court is directed and ordered to pay therefrom to said Howe Brothers the sum of $400 attorney's fees allowed to them, and to the Consolidated Lumber Company the sum of $100, attorney's fees allowed to them, and," in paragraph 20, be stricken out of said judgment, and the words "out of" inserted in line 1 of said paragraph 20 after the word "That"; and that as so modified the said judgment be affirmed.

The order denying appellant's motion to vacate the judgment and to amend the conclusions of law, and the order denying the motion to withdraw the deposit, should both be affirmed.   The former upon the same grounds as those assigned in the affirmance of the judgment; and the latter for the same reasons and also those assigned by this court in *Higgins* v. *Keyes*, 5 Cal. App. 482, [90 Pac. 972], for denying the *mandamus* there sought.   The terms of the deposit being general, the deposit served the purpose of saving the appellant owner from costs, and must continue to remain in the custody of the court to abide the final judgment in the cause.   To permit a deposit so made to be withdrawn pending appeal would be to take away the very support and condition of the court's judgment.   No such right is deducible from the statutory provisions relating to appeals and stay of execution, or from the cases upon the authority of which it is claimed the deposit was made.   (*De Camp* v. *Tolhurst*, 99 Cal. 631, [34 Pac. 438] ; *Wilson* v. *Nugent*, 125 Cal. 280, [57 Pac. 1008] ; *Stimson* v. *Dunham*, 146 Cal. 281, [79 Pac. 968].)   In addition to this, it might be said that in view of the decision above

rendered on the appeal the question is one of no moment in this case.

Judgment, as above modified, and the orders appealed from are affirmed.

Costs on appeal to be paid, five-tenths (5/10) by Thomas Higgins, defendant and appellant; one-tenth (1/10) by the Consolidated Lumber Company; and four-tenths (4/10) by Howe Brothers.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 8, 1908, and the following opinion was then rendered thereon:

THE COURT.—The petition for rehearing should be denied. The law of interpretation relating to mechanics' liens in this state being, or recently having been, in a stage of transition, it may not be amiss for us to restate more in detail our view of the logic of the recent declarations of the supreme court in respect to unrecorded building contracts wherein the amount agreed to be paid exceeds $1,000.

The constitution establishes a right of lien for the benefit of the persons named in section 15 of article XX, and requires the legislature to provide for a speedy and efficient enforcement of "such liens"—that is, the liens provided for by the preceding clause.

The statute is intended to supply the means for such enforcement, and will be construed with a view to accomplish the constitutional purpose. In so far as the act affects the right to contract, it will be limited in its operation to the persons whom the constitution and the statute were intended to protect by giving a lien, and to such contracts of these persons as relate to and affect the lien. In interpreting the mechanic's lien law it is not to be considered as a general law relating to contracts and contractual relations, but a means provided whereby a laborer, mechanic or materialman may declare his intention to exercise his constitutional right, and enforce his lien.

If an action be brought to foreclose a lien and the lien fail, a contractor may recover a personal judgment against the owner, and the laborer or materialman may recover a personal

judgment against the contractor or subcontractor to whom the labor or material was furnished. In both instances, if there be a contract, the recovery depends upon the terms of the contract, and it is only in the absence of an express contract that the right of action rests upon a *quantum meruit, quantum valebat,* or implied contract. The right to recover the judgment in either case is in no way dependent either upon the constitutional provision or the mechanic's lien law.

The effect, then, of the failure of the contractor or owner to record the contract is to render the contract void as a limitation of the liability of the owner. The obligation of the owner to pay the laborer and materialman is no longer limited by the contract price if he fail to record, and the penalty as to him is the exercise by lien claimants of a right of lien coextensive with the value of the property. The failure to record the contract does not affect the contractual rights of the parties in any manner. It only affects the funds from which their demands may be paid after a judgment is obtained and a right of lien established. The mechanic's lien law does not enable a lien claimant to recover judgment for any more or any less than the amount which he expressly agrees to take. It has nothing to do with the amount of the judgment which he is entitled to recover, but makes effective the judgment by a lien upon the property upon which he has bestowed his labor or material. Therefore, when the supreme court says that the contract is not void as between the parties (because not recorded), we understand that the contract is valid except as to lien claimants establishing their rights under the law, and that the end and purpose of the law and of the provision of section 1183 "that they shall be wholly void" is accomplished by a construction which adds the words, "as to all valid lien claimants," and thereby prevents the lien provided for laborers and materialmen from being defeated by any act or omission upon the part of the owner or contractor.

The right of the contractor to a lien is removed from consideration by the failure to record the contract, but this does not change the basis, measure or test of recovery of the contractor from the owner. There being no lien to foreclose, the parties are relegated to their legal rights. To say that the contract is the "measure of recovery" and the "test of the right to recover" is to say that we must look to the contract to determine the substantial rights of the parties. This

being true, then the recovery must be in an action "brought on the contract" (*Camp* v. *Behlow,* 2 Cal. App. 699, [84 Pac. 251]), and the contract becomes the "basis of recovery." The law having provided for the payment out of the owner's property of all valid liens established against it, of course these become credits which the owner is entitled to set up, as he may any defense pleadable in an ordinary action on a contract.

Such being the effect of the cases as we read them, we have, in response to a suggestion in the petition for a rehearing that there is an uncertainty in our declaration of the law, restated it so that there can be no misunderstanding of our views on this point.

Petition for rehearing denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1908, and the following opinion was then rendered thereon:

THE COURT.—The refusal of this court to order this cause transferred to this court for rehearing must not be understood as an approval of the remarks in the opinion of the district court of appeal to the effect that a finding as to the reasonable value of the work done on the building was unnecessary to support the judgment in favor of the original contractor against Higgins, the owner, and that he could recover on an unrecorded contract. That judgment was fully supported without such finding, because such finding was unnecessary under the issues presented by the answer of the owner to the complaint of the contractor. That complaint alleged that the contracts were each duly recorded. The answer of the owner thereto not only failed to deny this allegation and therefore admitted its truth for all the purposes of the case, as between those parties, but it also affirmatively averred that they were duly recorded. So far as these parties were concerned, that fact was established, and no finding on the subject was necessary. The finding that the contract, or one of them, was not recorded, was addressed to the issues arising between the other parties, and it could not destroy the effect of the admission to the contrary to support

the judgment between the owner and the original contractor. The consolidation, for the purpose of trial, of all the cases, did not change the issues in the respective cases, nor render the admissions of the pleadings ineffectual when applied to the particular cases in which they were made. It is unnecessary to express any opinion with regard to the right of the original contractor to recover on his contract, notwithstanding the fact that the contract may not have been, in fact, recorded.