LINDNER *vs.* GOLDENBOW.

APPEAL FROM THE COURT OF PROBATES OF NEW-ORLEANS.

A debtor to a succession will be considered in that light, although he deposites the money in the Court of Probates.

An applicant for the curatorship of a succession, who is not indebted thereto, will be preferred to one who is.

The parties in this case were applicants in the court below for the curatorship of a vacant succession. The first application was made by the appellee, who, it appeared, was largely indebted to the estate, but upon his depositing the money the court *a qua* decided in his favour. From this judgement the present appeal was taken.

MATHEWS, J., delivered the opinion of the court.

Application was made by the plaintiff to obtain the appointment of curator to the vacant succession of a person called Morgansten, who died on the 18th of February last. A petition for this purpose was filed, by the applicant, in the court below, on the 20th of that month; and opposition to his claim was made by the defendant on the 24th. Judgement was rendered favorable to the pretensions of the former, from which the opponent appealed.

It appears by the evidence that the claims of these parties are based principally on the friendship and intimacy which existed between each of them and the deceased during his lifetime, and the acquaintance which they have with his heirs who are absent from the state. In these respects, the testimony shows them to stand nearly on equal ground, and if there were no other circumstances in proof which ought to affect their situation, it is believed that the judgement of the Court of Probates which preferred the first applicant, should not be disturbed. But it is shown that the plaintiff was a debtor

A debtor to a succession will be considered in that light although he deposites the money in the Court of Probates.

to the intestate at the time of his decease, for a considerable sum of money, which it is alleged he held but in deposite, and which was subsequently changed into a loan, on which the borrower bound himself to pay eight per centum per annum. For the purpose of avoiding the effect which his situation as a debtor to the succession might produce on the legality of his claim to the curatorship, he deposited the money owing in the Court of Probates. This act, we are of opinion, could not dissolve his obligation as a debtor and destroy his accountableness to the heirs or representative of the succession to which he was indebted, as there was no person authorized to call him to account and give acquittance for any sum which might be received in payment.

In examining the case we shall, therefore, consider the appellee as a debtor to the estate of which he claims the curatorship.

An applicant for the curatorship of a succession who is not indebted thereto, will be preferred to one who is.

Amongst the causes of preferences allowed by law to an applicant for the office of curator to a vacant estate, the interest which a creditor may have, is one. Creditors are to be preferred to those who are not. *L. C. art.* 1114.

We do not find that the law absolutely excludes a debtor to a succession from being appointed curator; but it seems to us to be a just inference in reasoning by analogy, that if creditors are to be preferred to persons who are not such, the latter ought to be preferred to debtors.

Another reason why this should be the case, and which we believe to be sound, is that adduced in argument by the counsel for the appellant, *i. e.* that a debtor being accountable to the officer appointed to administer a vacant estate, if he be made that officer, the absurdity would take place of a man rendering an account to himself, and that when the interest of third persons were concerned. It is not probable that, in such a situation, he would call himself to a very strict account.

According to all the facts and circumstances of the case, as they appear on the record, we are of opinion that the appellant, Lindner, should be appointed curator of the

succcssion of the deceased Morgansten, in preference to the appellce, Goldenbow.

It is, therefore, ordered, adjudged, and decrced, that the judgement of the Court of Probates be avoided, reversed, and annulled, and it is further ordered, adjudged, and decreed, that the cause be remanded to that court with instructions to appoint the appellant curator to the vacant cstate of Morgansten, and to do all things else relating thereto, as required by law.

*Preston*, for appellant. *Roselius*, for appellee.