[Civ. No. 380.  Second Appellate District.—May 1, 1907.]

## THOMAS HIGGINS, Petitioner, v. C. G. KEYES et al., Respondents.

MECHANICS' LIENS—FORECLOSURE—MONEY DUE CONTRACTOR—DEPOSIT BY OWNER TO ABIDE JUDGMENT—APPEAL—STAY BOND—MANDAMUS. In a consolidated mechanics' lien suit for foreclosure of liens against the owner of the property and the contractors, where the owner deposits in court the amount due to the contractors to abide the judgment therein, and to be applied in satisfaction thereof as the court may direct, the deposit must be construed to refer to the judgment finally rendered; and where an appeal is taken by the owner, upon a stay bond, he is not entitled, pending the appeal, to a writ of mandate to compel a return of the deposit, in the absence of an order of the court to that effect and a refusal to obey it by the custodian of the money.

PETITION for writ of mandate to compel the return of money deposited in the Superior Court of Los Angeles County to abide judgment therein.

Respondent C. B. Keyes is County Clerk of Los Angeles County. Further facts are stated in the opinion of the court.

Gray, Barker & Bowen, and R. L. Horton, for Petitioner.

J. D. Fredericks, District Attorney, Hartley Shaw, Deputy District Attorney, and Charles L. Batcheller, for Respondents.

TAGGART, J.—Petition for a writ of mandate. Petitioner is the defendant owner in a consolidated mechanics' lien foreclosure proceeding brought by the Los Angeles Pressed Brick Company et al., against petitioner and Alpeter,

Hall & Alpeter, contractors, in the superior court of Los Angeles county.

The findings in that case recite that at the commencement of the trial in said proceeding petitioner "deposited in court the sum of $18,617.99 to abide the judgment of the court in these causes and to be applied in satisfaction of such judgment as the court may direct." Judgment was rendered in favor of said contractors against petitioner for the sum of $15,993.24 with interest; for personal judgments in various sums in favor of several of the lien claimants against the contractors; for liens in favor of two of said claimants against the property of petitioner to secure the payment of their claims; and in favor of petitioner against both the lien and claim of one of the claimants. The judgment directs the clerk to pay from the $18,617.99 deposited by petitioner the attorneys' fees of the two claimants whose liens were declared valid, and to distribute and apply the $15,993.24 awarded to the contractors to the payment, first, of the two claims which were held to constitute liens against the premises, and next, *pro rata* of the claims of the other claimants who recovered judgments against the contractors.

Petitioner appealed from the judgment and two adverse orders of the trial court, and filed an undertaking on such appeals. The conditions of the undertaking and obligations of the sureties covered the costs on the three several appeals, a stay of execution from a money judgment in the sum awarded in favor of the contractors and against petitioner, and $1,000 —fixed by the judge of the court as the value of the use and occupation of the premises involved pending the appeal.

Demand was made upon the respondents and each of them, by petitioner, for a return of the money deposited by him, which demands were refused; whereupon he made application to the superior court for an order requiring the clerk to pay said fund to him, said petitioner. This application was denied without prejudice and this court is asked to issue its writ of mandate commanding the respondents to pay over said fund to petitioner.

The fund so asked to be returned was "deposited in court" and therefore paid to the clerk as an officer of the court and not as an individual. If it was paid to him as an individual, the proceeding here begun is not the proper one for its re-

covery. The money, however, as stated in the findings, was "deposited in court," and remains subject to the order of the court whether in the hands of the clerk or the treasurer. When the money was delivered to the clerk it was his duty, unless otherwise directed by law (Code Civ. Proc., sec. 2104) or by a conditional order of the court (sec. 573), to pay it over to the treasurer. Under the latter section it was probably competent for the court to have made a different order for its custody, but in the absence of such order the proper place for it was in the county treasurer's hands; and no such special or different order was made in the case.

It is not to be distinguished from any other deposit in court "to abide the judgment of the court." The "judgment," under such circumstances, has always been construed to mean the final judgment, and there is no final judgment in an action while an appeal is pending. The judgment rendered by the superior court is not to be considered in this connection, and the condition of the deposit has not been complied with. The deposit "to abide the judgment of the court" must have read into it "the Supreme Court."

If it be conceded that this is a special deposit under limited instructions, and the judgment of the superior court is "the judgment," the rendition of which the deposit was to abide and to the satisfaction of which the fund was to be applied "as the court may direct," then this contract may be enforced whatever the character or injustice of that judgment. We cannot read into the contract the clause, "if rendered to the satisfaction of the depositor," and if such a strict construction as petitioner contends for be given to the contract of deposit, we would be compelled to hold that the fund be applied as directed by the superior court regardless of petitioner's appeal.

Neither do we think it proper or competent for this court to consider and determine the questions which are directly involved in petitioner's appeal to the supreme court. There being other sufficient grounds upon which this court's action can be based, we do not think it necessary for us to express any opinion as to whether or not the judgment of the superior court is void as contended by petitioner.

The fund is in the custody of the court for a specified purpose, and while the county treasurer holds the *corpus* of the

fund, he does so merely as custodian for the court, and cannot be compelled to pay the money to anyone except on the order of the court holding the deposit. Until such an order has been made there is no duty imposed upon either the clerk or treasurer to pay out the money. Until he has refused to obey such an order properly made the treasurer has not refused to perform any act in connection with the fund so deposited with him that is specifically enjoined upon him as a duty resulting from his office, trust or station. (Code Civ. Proc., sec. 1085.)

Allen, P. J., and Shaw, J., concurred.