(March 2, 1925.)

## FRANK RIGGEN and Others, Appellants, v. PROCTOR K. PERKINS and Others, Respondents.

[234 Pac. 161.]

RECEIVERS — JURISDICTION OF THE DISTRICT COURT — APPLICATION FOR APPOINTMENT.

    1. The district court has jurisdiction in an action that has passed to judgment to entertain an application for the appointment of a receiver to preserve property during the pendency of an appeal where no bond staying proceedings has been given.

    2. An application for the appointment of a receiver will not be entertained by this court when the lower court has jurisdiction and when no good reasons are shown which render it indispensable that this court hear the application.

Original application in this court for appointment of receiver pending appeal. *Application denied.*

Richards & Haga, for Brownell Brothers, Appellants.

This court has power and authority to appoint a receiver in the exercise of its appellate jurisdiction. (*Chemung Min. Co. v. Hanley,* 11 Ida. 302, 81 Pac. 619; *Eureka Mining Co. v. Lewiston Navigation Co.,* 12 Ida. 472, 86 Pac. 49; Const., art. 5, sec. 9; C. S., sec. 6444.)

McFadden & Perkins, for Respondents.

A receiver cannot be appointed except upon statutory grounds. These grounds are set forth in C. S., sec. 6817.

There is not one proviso under that section which would apply to this case. The allegation as to the commission of waste is fully met and denied by the answer; and when the allegations are fully met and denied, it is not proper to grant the receivership. (*Kelly v. Steele,* 9 Ida. 141, 72 Pac. 887; *Sweeney v. Mayhew,* 6 Ida. 455, 56 Pac. 85.) The power to appoint a receiver should always be exercised with caution. (*Bergman Clay Mfg. Co. v. Bergman,* 73 Wash. 144, 131 Pac. 485.)

TAYLOR, J.—This action was originally brought by Frank Riggen to foreclose eight labor claims for work done by himself and his seven assignors in the erection of a house for the respondent, Proctor K. Perkins. The other parties, Brownell Brothers Company, Gem State Lumber Company, Wood River Power Company and the Coast Lumber Company, were made parties on their claims of liens upon the same property. A judgment of nonsuit was entered against the plaintiffs, Riggen and the Coast Lumber Company, and in favor of the other lien claimants.

Riggen and the Coast Lumber Company appealed from that judgment, and Brownell Brothers Company from the portion of the judgment declaring a priority between the successful lien claimants. Brownell Brothers Company, appellants, made application in this court for an order to show cause why a receiver should not be appointed to take charge of the property. This application is now joined in by appellant Riggen, the Gem State Lumber Company and the Wood River Power Company.

The respondents, Perkins and wife, appeared upon the order to show cause by filing motion to dismiss and an affidavit and brief in opposition thereto, assigning as reasons for denying the application that the court is without jurisdiction to make such appointment; that a receiver cannot be appointed except upon statutory ground, and not where the allegations in a petition are fully met and denied by the answer, or appointed over property not in existence. In view of the conclusion we have reached it will be unnecessary for us to pass upon the merits of the application. In passing let us say that the statement of the applicant's brief that these defendants defaulted in the court below is not borne out by the record.

One of the allegations of the application is that the transcript on appeal was filed herein on April 11, 1924, and that this court now has exclusive jurisdiction of said cause. C. S., sec. 6817, provides that "A receiver may be appointed by the court in which an action is pending or has passed to

judgment, or by the judge thereof . . . . After judgment to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, . . . . '' It is unnecessary for us to comment upon the previous decisions of this court wherein it has asserted its authority to appoint a receiver in the exercise of *its appellate jurisdiction*. (*Chemung Mining Co. v. Hanley*, 11 Ida. 302, 81 Pac. 619; *Eureka Mining Co. v. Lewiston Navigation Co.*, 12 Ida. 472, 86 Pac. 49. However, in the first of those cases this court was considering an application made after a refusal of the lower court to appoint a receiver, and in the second case an appeal from an order of the lower court discharging a receiver theretofore appointed. Rule 63 of this court as to applications for a special writ provides that:

''The application for the issuance of any of the above writs must set forth, 'in addition to the other requisite matters, the reasons which render it indispensable the writ should issue originally from this court, and the sufficiency or insufficiency of the reasons so set forth will be determined by the court in awarding or refusing the application.''

An application to this court for the appointment of a receiver should be subject to the same rule. No application is shown to have been made to the lower court for such appointment. That court has jurisdiction pending the appeal to entertain such application. (*San Jose Safe Deposit Bank v. Bank of Madera*, 121 Cal. 543, 54 Pac. 85, 270.)

Applications such as this should be first made to the lower court or reasons given which render it indispensable that they should be made in this court. No showing has been made why an application was not made there except the claim that this court has exclusive jurisdiction after appeal taken, which is incorrect.

The application is therefore denied.

Costs awarded to respondent Perkins.

William A. Lee, C. J., Wm. E. Lee, Budge and Givens, JJ., concur.