(No. 6535.   January 27, 1938.)

CHARLES L. SHERWOOD, Plaintiff, v. Honorable JAMES W. PORTER, as District Judge, Defendant.

[76 Pac. (2d) 928.]

524

J. H. Barnes, for Plaintiff.

Harry Benoit, for Defendant.

AILSHIE, J.—This is a proceeding for a writ of prohibition against James W. Porter, one of the judges of the district court in and for Twin Falls county, upon the grounds that he is proceeding, and is about, to enter an order in excess of his jurisdiction. This proceeding grows out of the action entitled *Charles F. Sherwood, Plaintiff, v. Thomas F. Daly and Anna B. Daly, Husband and Wife, Defendants,* which case is now pending in this court on appeal.

In the case of *Sherwood v. Daly, supra,* a writ of attachment had been issued and certain property and credits of the defendants had been attached. A demurrer was filed to the complaint and motion was made to dissolve the attachment. After hearing on the demurrer and the motion, the trial judge entered an order sustaining the demurrer and entered judg-

ment dismissing the action, and also entered an order dissolving the writ of attachment. The plaintiff Sherwood immediately filed and served his notice of appeal and also filed a $300 appeal bond and a *supersedeas* bond in the sum of $20,000, under and in conformity with the provisions of sec. 11–208, I. C. A., for the purpose of continuing in force the attachment pending the appeal.

After the appeal had been taken by the plaintiff, the defendants Daly and wife made application to the court, under the provisions of section 6–532, "for an order to discharge the attachment" and to fix the amount of bond that would be required for such purpose under the provisions of sections 6–532 and 6–533. Due notice was given and a hearing was had before Judge Porter, and thereafter he rendered a written memorandum opinion, stating that he would discharge the attachment on the filing by defendants of "a proper undertaking to be approved" by the judge. The plaintiff thereupon applied to this court for an alternative writ of prohibition which was granted, and the case has been heard on return to the alternative writ showing the facts substantially as above set forth.

Only one question arises in this case and that is: Does the district court lose jurisdiction to hear a motion and make an order, under the provisions of secs. 6–532 and 6–533, I. C. A., after an appeal has been taken from a judgment of dismissal of the main action and an order dissolving the attachment? The sections of the statute involved read as follows:

Sec. 6–532. "Whenever the defendant has appeared in the action, he may, upon reasonable notice to the plaintiff apply to the court in which the action is pending, or to the judge thereof for an order to discharge the attachment wholly or in part; and upon the execution of the undertaking mentioned in the next section, an order may be made releasing from the operation of the attachment any or all of the property attached, and all of the property so released, and all of the proceeds of the sales thereof, must be delivered to the defendant upon the justification of the sureties on the undertaking, if required by the plaintiff."

Sec. 6–533. "Before making such order the court or judge must require an undertaking on behalf of the defendant by at least two sureties, residents and freeholders or householders in the county, to the effect that in case the plaintiff recover judgment in the action defendant will, on demand, redeliver the attached property so released to the proper officer to be applied to the payment of the judgment, or, in default thereof, that the defendant and sureties will, on demand, pay to the plaintiff the full value of the property released. The court or judge making such order may fix the sum for which the undertaking must be executed, and, if necessary in fixing such sum to know the value of the property released, the same may be appraised by one or more disinterested persons, to be appointed for that purpose. The sureties may be requested to justify before the court or judge, and the property attached can not be released from the attachment without their justification if the same be required."

Here the trial court had held that the complaint does not set forth facts sufficient to constitute a cause of action and that it is incapable of amendment so as to state a cause of action. The court dismissed the action and entered judgment accordingly. This automatically dissolved the attachment but the court also entered a formal order dissolving the attachment. The plaintiff, then feeling himself aggrieved, appealed from both the judgment and the order dissolving the attachment, and, desiring to continue in force his attachment lien on the property as theretofore attached, he gave the attachment *supersedeas* bond as required by that part of sec. 11–208, which reads as follows:

"An appeal does not continue in force an attachment unless an undertaking be executed and filed on the part of the appellant, by at least two sureties, in double the amount of the debt claimed by him; that the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment, in case the order of the court below be sustained; and unless within twenty days after the entry of the order appealed from such appeal be perfected."

This had the effect of preserving his security for the payment of any judgment he might eventually obtain, in the

event he finally succeeds on appeal and later obtains a judgment in the trial court. Thus far in the procedure taken by both the parties, no question is raised as to its regularity or as to its force and effect. This brings us to the crux of the issue.

Plaintiff contends that when he perfected his appeal and executed and filed his attachment *supersedeas* bond, the case was immediately transferred in its entirety to the supreme court, and that the district court lost all jurisdiction in the premises. Defendant on the other hand contends that the district court still retained jurisdiction for the purpose of preserving the attachment lien and of protecting the property held under the attachment; and that the appeal in no way affected the power of the trial court to act under secs. 6–532 and 6–533, *supra*.

The purpose of these two sections is to allow a defendant, whose property has been attached, to substitute for the attached property an adequate bond or undertaking, whereby the sureties contract and agree that, in case the plaintiff recovers judgment.in the action, the defendant, on demand, will redeliver the attached property so released to the proper officer, to be applied to the payment of the judgment or, in default thereof, that the defendant and sureties will on demand pay to the plaintiff the value of the property released. In practical and legal effect it is simply a substitution of securities. By this means, a person whose property has been attached may be able to continue to run and operate his business or to use his property during the time the litigation is being waged; to enjoy the benefit of its use and any income that he can realize from it; and at the same time, by means of the undertaking, secure his alleged creditor for the payment of any judgment the latter may eventually obtain.

The contention, that the appeal transfers the entire jurisdiction of the case from the district court to the supreme court, is unsound. The statute (sec. 11–208) recognizes that in some instances, where an appeal is taken, it will be necessary for the trial court to retain and exercise its jurisdiction, as indicated by the italicized portion of the section:

"Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceed-

ings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, and releases from levy property which has been levied upon under execution issued upon such judgment; *but the court may proceed upon any other matter embraced in the action, and not affected by the order appealed from.* And the court below may, in its discretion, dispense with or limit the security required by this chapter, when the appellant is an executor, administrator, trustee or other person, acting in another's right. . . . . . ''

In *Roby v. Roby,* 9 Ida. 371, 74 Pac. 957, 3 Ann. Cas. 50, we considered the authority of the district court to make orders for the payment of costs, expenses and attorney fees for the prosecution of an appeal taken in a divorce case, and among other things said:

"It is contended by the appellant, or petitioner, that under the terms of section 4814, Revised Statutes, [11–208, I. C. A.,] the district court loses jurisdiction to make such an order as required in this case after an appeal has been taken from the judgment in that court. . . . . We do not think this contention is correct. The allowance or disallowance of suit money and attorneys' fees for the prosecution of such an appeal is not a part of the 'judgment appealed from,' nor is it a 'matter embraced therein.' ''

In *Morbeck v. Bradford-Kennedy Co.,* 18 Ida. 458, 110 Pac. 261, we held that the trial court retained jurisdiction to make all necessary orders for the protection and preservation of the property in the hands of a receiver, pending an appeal from an order appointing a receiver, and holding the sale of such property fraudulent and void. (See, also, *Riggen v. Perkins,* 40 Ida. 486, 234 Pac. 161.)

California has a statute (sec. 542a, C. C. P.) providing that an attachment lien shall not hold good for more than three years, unless, prior to the expiration of the time, a motion be made upon notice for its continuation for a period not exceeding two years. Such a motion was made in the supreme court in the case of *Palmer v. Fix,* 205 Cal. 472, 271 Pac. 749, after an appeal had been taken from a judgment adverse to the cross-complainants, who had sued out a writ of attachment. The supreme court held that the jurisdiction, to hear

and consider the motion to continue the lien, was *not in the supreme court*, but that the same *remained in the superior court*, under the provisions of sec. 946, C. C. P. (corresponding with our sec. 11–208, *supra*) the court saying:

''We are of the opinion that the clause in the foregoing portion of said section of the Code which requires a motion for the extension of the lien of an attachment to be made in 'the court in which the action is pending' has reference to the court wherein the action was commenced and wherein it remained pending under the provisions of section 1049 of the Code of Civil Procedure, 'from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.' The effect of an appeal upon the pendency of an action is provided for in section 946 of the Code of Civil Procedure, which reads in part as follows:

'Whenever an appeal is perfected, as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, . . . . but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from.'

''The matters referred to and provided for in section 542a of the Code of Civil Procedure, above set forth, are matters which are not embraced in the appeal herein and are not affected by the judgment or order appealed from, and hence under the provisions of section 946 of the Code of Civil Procedure, above quoted, have not been transferred from the court in which this action remains pending to this court for determination upon this appeal, or for the making of any order with relation thereto.''

Under statutes similar to ours, the supreme court of Kentucky in *Garnett v. Oliver*, 242 Ky. 25, 45 S. W. (2d) 815, has held to the same effect as we hold here.

Attachment is a creature of the statute; it did not exist as such at common law. (2 R. C. L., p. 801, sec. 2.) It is not quite true, however, to say that attachment had no counterpart at common law, for there are traces of the judicial use of a comparable process, in law courts accomplishing

like results, that may be found in very ancient cases. (2 Cooley's Blackstone, p. 1055, *p. 279; 2 Jones' Blackstone, 1866, sec. 354; Drake on Attachment, 7th ed., secs. 1 to 5, inclusive; *Bond v. Ward*, 7 Mass. 123, 5 Am. Dec. 28; *Barber v. Morgan,* 84 Conn. 618, 80 Atl. 791, Ann. Cas. 1912D, 951.) It is a provisional remedy that reaches out and lays hold on the property of an alleged debtor by process *in rem,* and subjects it to the payment of the debt, for recovery of which the action is prosecuted. (*Potlatch Lumber Co. v. Runkel,* 16 Ida. 192, 101 Pac. 396, 18 Ann. Cas. 591, 23 L. R. A., N. S., 536.) The proceeding seems to have been originated primarily for the purpose of seizing the property of a debtor, who is beyond the jurisdiction of the court, in order to compel his appearance. (3 Blackstone, Commentaries, 280; Drake on Attachment, sec. 5; 6 C. J. 34.) If and when it accomplishes the purpose of inducing a personal appearance of the alleged debtor, the case then proceeds *in personam,* and the attachment is collateral only. (2 R. C. L. 803, sec. 4; *Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565.)

█ We hold that the district court and the judge thereof still retains jurisdiction to act under secs. 6–532 and 6–533, I. C. A.

The writ is denied. Costs awarded to defendant.

Holden, C. J., Givens and Budge, JJ., concur.

MORGAN, J., Dissenting.—I cannot subscribe to the doctrine that the attachment, and the property attached, are not "matters embraced" in the judgment of dismissal, nor that they are "not affected by the order appealed from" within the meaning of I. C. A., sec. 11–208.