[Civ. No. 12066. Second Appellate District, Division Two.—December 19, 1938.]

HALLAM COOLEY AGENCY, INC., and S. GEORGE ULLMAN (a Corporation), Petitioner v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Charles J. Katz and Alfred Gitelson for Petitioner.

J. H. O'Connor, County Counsel, and Wolfson & Swetow, Burnett Wolfson and Earl I. Swetow for Respondents.

McCOMB, J.—This is an original application for a writ of prohibition to restrain respondent court from making an order releasing a portion of funds held by the sheriff pursuant to a writ of attachment on the ground that said funds are exempt from attachment.

The material facts are:

October 5, 1938, petitioner filed an action in respondent court against Robert Gleckler and obtained a writ of attachment which the sheriff served upon the Bank of America National Trust & Savings Association, which made a return to the sheriff that it was holding $2814.21 belonging to Mr. Gleckler. October 24, 1938, respondent court made an order discharging the writ of attachment above mentioned upon the ground that it was not a proper case for the issuance of a writ of attachment. October 29, 1938, petitioner appealed to this court from such order, filing an undertaking to preserve the attachment pending determination of the appeal. November 2, 1938, Mr. Gleckler made a motion before respondent court for an order releasing $700 of the fund which was being held pursuant to the attachment, upon the ground that said $700 was money which was exempt from attachment. Respondent court announced that it would make such order unless restrained by this court, whereupon an alternative writ of prohibition was issued.

This is the sole question to be determined:

*When an appeal has been taken to the District Court of Appeal from an order of the Superior Court discharging a writ of attachment levied upon funds in a bank, and the plaintiff appeals from said order, filing an undertaking as*

*provided by section 946 of the Code of Civil Procedure to continue the attachment in force pending determination of the appeal, does the Superior Court have jurisdiction prior to the determination of the appeal to make an order releasing a portion of said funds from attachment upon the ground that they are exempt therefrom under the provisions of section 690.11 of the Code of Civil Procedure?*

This question must be answered in the affirmative. The law is established in California that, notwithstanding the perfection of an appeal and stay of all proceedings upon the order appealed from and matters embraced therein, the superior court may proceed upon any other matter embraced within the action and not affected by the order appealed from. (Code Civ. Proc., sec. 946; *City of Vallejo* v. *Superior Court,* 199 Cal. 408, 419 [249 Pac. 1084, 48 A. L. R. 610]; 2 Cal. Jur. (1921) 418, sec. 180; 1 Cal. Jur. Ten-year Supp. (1936) 350.) It therefore becomes pertinent to determine whether or not an order releasing a portion of funds held under attachment upon the ground that they are exempt therefrom is embraced within the subject-matter of an order dissolving the entire attachment. We believe that it is not.

The entire attachment might be dissolved upon any one of a number of grounds or the motion to dissolve the attachment might be denied, the attachment being in every respect valid, and still a portion or all of the funds might be exempt from attachment under the provisions of section 690.11 of the Code of Civil Procedure. It is therefore evident that an order granting a motion to release an attachment or denying the same deals with an entirely separate and distinct situation from an order holding that a portion of funds held pursuant to a writ of attachment falls within the class of property which the Code of Civil Procedure designates as exempt from attachment.

No case has been called to our attention which passes squarely upon the situation here presented. However, in *Sherwood* v. *Porter,* 58 Idaho, 523 [76 Pac. (2d) 928, 115 A. L. R. 593], a case analogous in its facts, the supreme court of Idaho has passed upon a rule of law identical with that here presented. In the Idaho case a writ of attachment had been issued and upon motion of the defendant was dissolved. Plaintiff filed a notice of appeal and also a *supersedeas* bond to continue the attachment in force pending determination of the appeal. Thereafter defendant, pursuant to an Idaho

statute, made a motion to permit him to file a bond in lieu of the property which was being held under attachment and upon the filing of such bond to have the attachment dissolved. The trial court threatened to make the requested order, and upon application for a writ of prohibition, the Supreme Court held that the order which the trial judge was proposing to make was not embraced within his previous order dissolving the attachment from which an appeal had been taken; and that therefore he had jurisdiction to make the order, and the writ of prohibition was denied. In reaching its conclusion the Supreme Court of Idaho relied upon a provision in the Idaho statute identical in wording with section 946 of our Code of Civil Procedure, to wit: " . . . but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from."

For the foregoing reasons the alternative writ of prohibition heretofore issued is discharged and a writ of prohibition is denied.

Crail, P. J., and Wood, J., concurred.