[Civ. No. 16551.   Second Dist., Div. Two.   July 9, 1948.]

FRANK B. NAVARRO, Petitioner, v. EARL LIPPOLD, as County Clerk, etc., Respondent.

Oral R. Finch for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

McCOMB, J.—This is a petition for a writ of mandate to compel the clerk of the Superior Court of Los Angeles County to honor an order of said court directing him to pay to petitioner a sum of money which he has on deposit.

The facts are these:

Petitioner was plaintiff in a superior court action and during the pendency thereof, pursuant to stipulation, $1,980.70 was deposited with the clerk of the superior court to be held by him "until further order of the court."   Thereafter a judgment was entered in favor of petitioner from which judgment defendants appealed without filing a stay bond.   In due time a writ of execution was issued upon the judgment which the sheriff of Los Angeles County returned partially satisfied,

showing due and unpaid on the judgment the sum of $14,-052.98. On March 9, 1948, the superior court made an order directing respondent to pay the sum of $1,980.70 theretofore deposited with him to petitioner and credit the amount thereof upon the judgment. Respondent has refused to comply with the last-mentioned order.

■ This is the sole question presented for our determination:

*Did the appeal deprive the superior court of jurisdiction to make an order directing respondent to pay to petitioner the sum which had been deposited with him?*

This question must be answered in the affirmative. The pendency of an appeal deprives the trial court of jurisdiction to enforce its judgment or to make an order which will destroy the subject of an appeal or place funds involved therein where they will be beyond the control of a final judgment. (*Los Angeles P. B. Co.* v. *Higgins,* 8 Cal.App. 514, 523 [97 P. 414, 420] ; *Higgins* v. *Keyes,* 5 Cal.App. 482, 483 et seq. [90 P. 972].)

Applying the foregoing rule to the facts of the present case it is apparent that the appeal, even though no stay bond was filed, divested the trial court of jurisdiction, pending the appeal, to make an order relative to the fund which was part of the subject matter of the appeal and which order would place the fund beyond the control of the final judgment in the case.

This rule is a sound one since it preserves the status quo pending the final decision of the appellate court. Such rule is consonant with the code provisions permitting the issuance of a writ of execution if a stay bond is not filed. ■ The issuance of a writ of execution is a purely ministerial act and is not a judicial act. (*Donner Finance Co.* v. *Municipal Court,* 28 Cal.App.2d 112, 114 [81 P.2d 1054].) The order in the present case was not a purely ministerial act but was a judicial act which was stayed by the filing of the notice of appeal. By application of this rule neither party will lose any right which he now has when the appeal is finally decided. This is in accordance with the language of section 946, Code of Civil Procedure: ''Whenever an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment or order appealed from, or upon matters embraced therein . . . but the [trial] court may proceed upon any other matter embraced in the action and not affected by the order appealed from.'' In the words of Mr. Justice Taggart in *Higgins* v.

*Keyes,* 5 Cal.App. 482, 484 [90 P. 972]: "The deposit 'to abide the judgment of the court' must have read into it 'the Supreme Court.' "

The perfection of an appeal is complete when the formalities prescribed by the Rules on Appeal are complied with, and "stays all further proceedings in the court below" since jurisdiction is thenceforth vested in the appellate court. The issuance of the order directing respondent to pay the deposit to petitioner was a "further proceeding in the court below," and was made one day after an appeal had been perfected. ▆ Unlike a writ of execution, the instant order was a judicial act of the court made after it was, by virtue of the code, bereft of jurisdiction, and respondent's refusal to comply therewith was not a violation of any duty or trust enjoined upon him by virtue of his office or station.

*Hallam Cooley Agency* v. *Superior Court,* 30 Cal.App.2d 20 [85 P.2d 457], cited by petitioner, is not applicable to the facts of the present case. In the cited case it was held that an appeal from an order discharging a writ of attachment did not divest the trial court of jurisdiction to thereafter hear and decide a motion predicated on the ground that certain of the funds under attachment were exempt from attachment under section 690.11 of the Code of Civil Procedure, since such order dealt with an entirely separate and distinct situation from the order involving the attachment.

In the instant case the purported order deals with the very subject matter involved in the judgment from which the appeal has been taken.

The alternative writ of mandate heretofore issued is discharged and a writ of mandate is denied.

Moore, P. J., and Wilson, J., concurred.