ESTHER PRADO MARTORELL, Plaintiff and Appellee, *v.* FRANCISCO QUIÑONES, ESCAMBRÓN BEACH CLUB HOTEL CORP., THE ESCAMBRÓN DEVELOPMENT CO., and UNITED STATES CASUALTY CO., Defendants and Appellants.

No. 10421. Argued January 10, 1952.—Decided May 11, 1955.

302

*R. Rivera Zayas, G. Rivera Cestero, Milton F. Rúa, Emilio de Aldrey* and *Francis & Ydrach* for appellants. *Charles H. Hartzell, Rafael O. Fernández, José L. Novas* and *P. Juvenal Rosa* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

After judgment was rendered in plaintiff's favor and an appeal was taken by defendants, plaintiff requested and obtained from the trial court an order to attach sufficient property of the latter to cover the amount of the judgment, $23,966, plus $2,200 for interest and costs. The effectiveness of the judgment was secured, pursuant to law, without bond.

By virtue of this order, the marshal of the court attached the sum of $17,914.59 [1] which the Escambrón Development Company, Inc., Francisco Quiñones and Escambrón Beach Club and Hotel Corporation, defendants herein, had in their respective current accounts in the Banco Crédito y Ahorro Ponceño, San Juan Branch.

Two lots belonging to the Escambrón Development Company, Inc., situated in the ward of Puerta de Tierra, San Juan, on one of which is erected the Hotel Normandie, were also attached.[2]

---

[1] This sum comprises three items, of which $2,330.07 corresponds to The Escambrón Development Co., Inc., $5,016.88 to Francisco Quiñones, and $10,567.64 to Escambrón Beach Club & Hotel Corporation.

[2] In view of the fact that this property answered adequately for the obligation, this codefendant requested, without plaintiff's opposition, and obtained, the dissolution of the attachment of the sum of $2,330.07 which it had in its current account in the Banco Crédito y Ahorro Ponceño, San Juan Branch.

Francisco Quiñones, Escambrón Beach Club & Hotel Corporation, and United States Casualty Company requested the dissolution of the attachment on the ground that it had been levied in violation of the provisions of § 10 of the Act to Secure the Effectiveness of Judgments of March 1, 1902. They requested, in the alternative, the reduction of the amount and maintained, briefly, that since it was a solidary judgment, it could be executed against any one of the defendants; that since there were other defendants who were also liable for the entire judgment, it was unfair to subject the Escambrón Beach Club & Hotel Corporation "to the full impact of the attachment"; that "in order to do business in the Island of Puerto Rico and to secure payment of the judgments which may be rendered against it, codefendant, the United States Casualty Company, has given sufficient security to The People of Puerto Rico, in compliance with the provisions of the Insurance Act of Puerto Rico," and that, in any event, the amount of the attachment should be reduced "because the only cash which the Escambrón Beach Club & Hotel Corporation has for its obligations to pay salaries and operate its business is the attached amount." After a hearing, the aforesaid request was denied and this appeal was taken.

Appellants charge the lower court with the commission of four errors, to wit: (1) overruling the motion to dissolve the attachment or to reduce the same, notwithstanding the fact that "the property in question was not deposited in court or with the person designated by it, under plaintiff's responsibility, in violation of the provisions of § 10 of the Act to Secure the Effectiveness of Judgments, approved March 1, 1902"; (2) overruling the motion in question notwithstanding the attachment of property of co-defendant, The Escambrón Development Company, Inc., solidary debtor by judgment, in the sum of $26,166; (3) "refusing to reduce the attachment levied on funds of codefendants Francisco

Quiñones and Escambrón Beach Club & Hotel Corporation, notwithstanding the fact that codefendant United States Casualty Company secures payment of the sum of $10,000 principal, $4,000 for attorney's fees, $200 allegedly incurred in costs, and $2,000 allegedly incurred or to be incurred in interest, and that codefendants Francisco Quiñones and Escambrón Beach Club & Hotel Corporation are in need of the attached funds"; and (4) refusing to dissolve the attachment as to either of the codefendants, Francisco Quiñones and Escambrón Beach Club & Hotel Corporation, or both, notwithstanding the fact that the judgment, the motion to secure its effectiveness, the order and the writ of attachment are vague, indefinite, and ambiguous because they are addressed to Francisco Quiñones and/or Escambrón Beach Club & Hotel Corporation and not to each one of them personally, for the full amount.

██ There is no controversy as to the manner in which the attachment was levied. It was levied by process served by the marshal of the district court on the manager of the Banco Crédito y Ahorro Ponceño, San Juan Branch, for the balance in the accounts of codefendants Francisco Quiñones, Escambrón Beach Club & Hotel Corporation, The Escambrón Development Company, Inc., and United States Casualty Company, or any of them, up to the sum of $26,166. The bank rendered three checks to the order of the marshal in the amounts corresponding to the deposits of each of the codefendants, Quiñones, Escambrón Beach Club & Hotel Corporation, and The Escambrón Development Company, Inc. The three checks were deposited in the marshal's official account in the said Banco Crédito y Ahorro Ponceño.

Appellants maintain that, "in view of this situation, it appears clearly from the execution papers of the writ of attachment and from the statement of marshal De Armas that the provisions of § 10 of the Act to Secure the Effectiveness of Judgments have been violated, since marshal De

Armas, without authority, deposited the property in question in the Banco Crédito y Ahorro Ponceño without said property being in possession of the court, or without the court having designated that bank as depositary of the property." They further maintain that, "in fact, what plaintiff purported to do, but did not do, was a garnishment"; that in order to levy an attachment of that nature, "the proper procedure is not the alleged transfer of personal credits of the debtor to a marshal in order to make a bank deposit, since such procedure does not comply with the law, but the corresponding prohibition to alienate addressed to the garnishee," and since the proper procedure was not followed, the attachment is null and void. Let us see.

Section 10 of the Act to Secure the Effectiveness of Judgments—referred to by us as the Act—provides in its pertinent part as follows:

"An order prohibiting the alienation of personal property, *and an attachment on the same,* shall be effected by *depositing the personal property in question with the court,* or the person designated by it, under the responsibility of the plaintiff . . ." (Italics ours.)

By the writ of attachment the marshal was ordered to attach "sufficient property of the defendants, Francisco Quiñones and/or Escambrón Beach Club & Hotel Corporation, and The Escambrón Development Company, or any of them," to cover the judgment, plus costs and interest. In view of the nature of the bank deposit, *Portilla* v. *Banco Popular,* 75 P.R.R. 94, the title to the credit of each appellant against the depositary in the amount of its deposit, was attached by the marshal, wherefore, by virtue of such attachment and the subsequent deposit by the marshal in his official account, it became a title to credit in each case subject to the custody of a judicial officer and, from that moment, in *custodia legis. Union Indemnity Co.* v. *Florida Bank & Trust Co.,* 48 F. 2d 595, 597. In the case of funds,

it was the duty of the marshal under § 1 of the Act of March 12, 1908 [3] (Sess. Laws, p. 167) to deposit such funds in a banking institution designated by the judge for such purpose.[4] The cases of *Balaguer* v. *District Court*, 59 P.R.R. 645; *Dávila* v. *Rosa*, 61 P.R.R. 586; *Cooperativa Central* v. *Flores*, 68 P.R.R. 672, cited by appellants, do not apply to the case at bar, since here the marshal, in his capacity as a judicial officer, took possession of the attached property and deposited the same in the banking institution designated in pursuance of law.

■ Although in the instant case there was attached personal property in the hands of a garnishee, [5] there is nothing in the Act to bar such attachment or to distinguish between an attachment of property in the hands of the defendant and property in the hands of a garnishee. As our law now stands, "property belonging to defendant at the time of the attachment or that in the hands of a third party but owned by him," can be attached. *Sierra* v. *Vieta*, 56 P.R.R. 214, 221. Funds in a bank are subject to attachment. *Savings Bank of Danbury* v. *Loewe*, 242 U.S. 357, 61 L. Ed. 360. The sparce decisions of this Court have attempted to adhere to the difference between "an attachment in the ordinary sense of the word" and "a garnishment," *Armour Fertilizer Works* v. *Ramírez*, 52 P.R.R. 521,

---

[3] This Section reads as follows:

"Section 1.—It shall be the duty of the Secretary and Marshal of each of the District Courts of the Island to deposit in some banking institution, designated by the judge of each of the district courts, all moneys which shall come into his hands officially, either as costs, fees or by virtue of any levy, execution or sale of property by order of the court, or in any other manner. . ."

[4] Since the marshal made the deposit in his official account in the said Banco Crédito y Ahorro Ponceño, it is obvious that this was the depositary designated pursuant to that Act.

[5] In American jurisdictions the proceeding of attachment and that of garnishment are in derogation of the common law and exist only by virtue of statute. See 86 A.L.R. 588, 115 A.L.R. 593.

522—see also *Lamboglia* v. *School Board of Guayama*, 15 P.R.R. 299, 304—but we need not reexamine it at this time in view of the facts of the instant case. The first error was not committed.

■ Neither were the errors charged in the second and third assignments of which we shall dispose simultaneously. Appellants had no right to demand the dissolution of the attachment levied on their current accounts simply because an attachment in the amount of $26,166 was levied on property belonging to codefendant, The Escambrón Development Company, Inc. In a case such as this in which two of the defendants—lessor and lessee—held each other fully responsible for the damages suffered by plaintiff—having both appealed from the judgment which made them solidarily liable—it was wise for plaintiff to secure the effectiveness of the judgment by attaching the property of both. If only one of them is held liable, and the effectiveness of the judgment had not been secured as to such defendant, plaintiff would have been deprived of an effective means to execute it.

■ On the other hand, the fact that the United States Casualty Company, codebtor under the judgment of the lower court, has invested the sum of $200,000 in bonds of the People of Puerto Rico and that this sum is used to secure compliance with the obligations incurred by that company in its business in this Island, does not bar plaintiff from attaching property of other codebtors. The solvency of one of them does not affect plaintiff's right to proceed in attachment against the other codebtor. *Richardson* v. *Probst*, 72 N. W. 521; *Maxwell* v. *Gunn*, 4 La. Rep. 143; 7 C.J.S. 212, *Attachment*, § 22(b). The attachment is intended to secure the effectiveness of the judgment by way of the preference acquired over the attached property, and the fact that one of the codebtors undertakes, by the investment in bonds of the People of Puerto Rico, to pay its obligations,

is no adequate substitute for the advantage involved in that preference. Even if the security given by the United States Casualty Company were equivalent to the security of an attachment, plaintiff was not bound to proceed against such security only, but could proceed against the other debtors. *National City Bank* v. *District Court*, 47 P.R.R. 122.

■ Nor is the fact that "the codefendants, Francisco Quiñones and Escambrón Beach Club & Hotel Corporation, are in need of the attached funds," sufficient reason to reduce the attachment. Although the trial court found that "it is a fact that the attachment levied on defendants' property is highly injurious and inconvenient to their business," it is also true that in its conclusions it established that the Escambrón Beach Club & Hotel Corporation "possesses no property except the money attached and the furniture used in its business." The cases of *National City Bank of N. Y.* v. *De la Torre*, 45 P.R.R. 609, and *Paz* v. *Bonet*, 31 P.R.R. 64, cited by appellants, are clearly distinguishable from the case at bar. In the former, plaintiff attached property of one of the defendants in excess of his solidary obligation with another codefendant. The defendant whose property was attached moved the court to limit the attachment exclusively to property sufficient to cover plaintiff's claim, which motion was granted. In the case at bar, as we have seen, the only property attached belonging to defendant Escambrón Beach Club & Hotel Corporation, besides the furniture and equipment used in the operation of the business, was its bank deposit. The second case—*Paz* v. *Bonet*—involved the substitution of the bond authorized under § 15 of the Act for the real property on which the attachment was levied. It is not, therefore, applicable to the case at bar.

■ The fourth assignment of error deals with the use of the expression *and/or* in the judgment and in the motion to secure its effectiveness as well as in the order and the

writ of attachment. It is contended that these "are vague, indefinite, and ambiguous for the reason that they are addressed to Francisco Quiñones and/or Escambrón Beach Club & Hotel Corporation and not to each one of them personally, for the full amount" of the judgment, and for the totality of the attached sum, according to the order and the writ of attachment.

The judgment in the action for damages orders the co-defendants,[6] Francisco Quiñones *and/or* Escambrón Beach Club & Hotel Corporation, jointly and severally (*mancomunada* (*sic*) *y solidariamente*), to pay to plaintiff the sum of $23,966, plus costs.

In the motion to secure the effectiveness plaintiff moved for an order "to attach property of defendants Francisco Quiñones and/or Escambrón Beach Club Corporation, The Escambrón Development Company, or of any of them . . ." The order and writ of attachment were couched in the same terms. Independently of the vagueness of the expression and/or, there is no reason in the case at bar to invoke it and much less to produce the dissolution of the attachment.

The order appealed from will be affirmed.

Mr. Justice Pérez Pimentel did not participate herein.

---

[6] Jointly with The Escambrón Development Company, Inc., and United States Casualty Co.