[Crim. No. 5483.   Second Dist., Div. Three.   Oct. 5, 1955.]

In re STUART F. BROWN, on Habeas Corpus.

Robinson & Powers for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

SHINN, P. J.—Habeas corpus was issued on petition of Stuart F. Brown who was in custody under sentence of five days' imprisonment for failure to comply with a judgment which ordered him to pay a monthly sum for the support of his divorced wife. The question for decision is whether his failure to go to work and earn money to be applied on his obligation under the judgment warranted his conviction of contempt of the authority of the court.

The issue was framed by the affidavit of his former wife upon which the citation was issued. The affidavit was in the form of a standard questionnaire used in such matters and its averments consisted of answers to specific questions.

The substance of the affidavit was that by judgment of divorce given on March 28, 1952, pursuant to a property settlement agreement, petitioner was ordered to pay his former wife $350 per month; as of March 28, 1955, he was delinquent in the sum of $800, as the balance of sums accrued during January, February and March. In answer to the question "Has the adverse party sufficient income to comply with the above mentioned order. (State nature and amount of such income. Do not base answers on information and belief.)", the affidavit stated as follows: "Defendant is a very well educated, healthy man, 45 years of age. Until Oct. 15, 1954, defendant was employed earning in excess of $18,000.00 per year. Defendant claims to have been unemployed since that date. Defendant is remarried and claims that he is supported by his present wife who has substantial property and income, which he claims is her separate property. Plaintiff alleges that defendant will not sincerely attempt to become employed for the reason that he would be required to pay such income to plaintiff under the existing court order." There were no other statements relevant to the question of defendant's ability to comply with the order.

Considered as the best answers that could be given by the affiant and in the absence of any other pertinent statements of facts except the fact that petitioner had had the ability to comply with the order from the time the judgment was rendered until January, 1955, the affidavit must be construed as asserting that petitioner was dependent upon his earnings for ability to make the payments. Although the affiant stated her belief that petitioner would not sincerely attempt to become employed because it would enable him to meet his payments, this clearly was not sufficient to charge him with wilfully refusing to work for the express purpose of evading his obligation of support. It was not alleged that he voluntarily gave up his employment or that remunerative employment was available to him and that he had refused and would continue to refuse to accept it. This is not to intimate that the affidavit would have shown a contempt had such allegations been made. That question is not before us.

A contempt proceeding in a divorce case does not differ in its essentials from other types of prosecution for contempt. The principles and the formalities are the same. The affidavit which forms the basis for the citation will be construed in favor of the accused; its insufficiencies may not be cured by presumptions or inferences as to material

facts that are not alleged. (*Groves* v. *Superior Court,* 62 Cal.App.2d 559 [145 P.2d 355].)

It is true that it was not necessary that the affidavit state that petitioner had ability to comply with the judgment (*In re McCarty,* 154 Cal. 534 [98 P. 540], *Ex parte Von Gerzabek,* 63 Cal.App. 657 [219 P. 479]), although the rule was held to be different where 10 years had elapsed between the date of the judgment and the prosecution for contempt (*Mery* v. *Superior Court,* 9 Cal.2d 379 [70 P.2d 932]). While the order here was three years old, it affirmatively appeared that petitioner had sufficient ability at the time the judgment was rendered and continued to have ability to comply through December, 1954. But, strictly construed, the affidavit could mean only that he had had insufficient money after that time and it was due to his being unemployed.

There was a sufficient showing of petitioner's ability to work. If ability to work in remunerative employment was, in a pertinent legal sense, ability to comply with the mandate of the judgment, and if it had been alleged that petitioner wilfully refused to work for the express purpose of avoiding compliance with his obligations, the affidavit would have been sufficient. But mere ability to work is not the same as ability to pay. In *Ex parte Todd,* 119 Cal. 57 [50 P. 1071], Todd was imprisoned for contempt for failure to make payments as directed by a decree of divorce granted to his wife. The trial court found that he had no money or other means of payment and had made no disposition of any property in fraud of his creditors but nevertheless ordered him imprisoned for contempt. The court said: "The court found, in other words, that it was not in the power of the petitioner to pay the money, or any part of it. But, at the same time, the court found that petitioner, having been allowed a month or thereabouts to seek employment by which he might have earned money to make the weekly payments of alimony as prescribed in the order, had wholly failed and neglected to make any effort to obtain employment, and, therefore, ordered him to be imprisoned in the county jail until he paid the two hundred dollars due. This order was clearly in excess of the power of the court, which cannot compel a man to seek employment in order to earn money to pay alimony, and punish him for his failure so to do. Prisoner discharged." This holding has not been disapproved in any later case and we do not question it as a correct statement of the law.

Cases holding that a husband who has no money but has

the ability to work may be ordered to pay support money to his wife (*Dimon* v. *Dimon,* 40 Cal.2d 516 [254 P.2d 528]) are not in point. Also inapplicable is the rule that one may be punished for contempt if he wilfully and voluntarily puts it out of his power to comply with a court mandate. Our courts have never applied the rule to the case of a husband who has no money, but having ability to obtain employment fails or refuses to do so.

As we have stated, the affidavit did not allege that petitioner gave up his employment voluntarily or refused to accept employment that was available. The statements relative to his future intentions were mere conclusions respecting his state of mind. We have only the affidavit to consider and when its averments are construed strictly it appears that petitioner's disinclination to work is due to the fact that he is being supported by his present wife.

The petitioner is discharged.

Wood (Parker), J., and Vallée, J., concurred.