CONLEY, P. J.
proceeding in prohibition was instituted by the petitioner to prevent a hearing on an order to show cause why petitioner should not be committed for contempt of court in failing to make payment of monies ordered by a Nebraska court in a divorce judgment which, after some 16 years, was renewed and made applicable in Stanislaus County. The petitioner claims that the order by which he was required to pay certain sums monthly to his minor daughter, or, as the real party in interest argues, to his divorced wife for the benefit of the minor daughter, was void as a matter of law and that it, therefore, cannot be the occasion of a contempt proceeding.
The demurrer to the petition is overruled and the matter determined on the petition and the answer thereto.
An essential element to be weighed is the conceded fact that the petitioner, who was the defendant in the actions in Nebraska and in Stanislaus County, has appealed the local judgment to this court, and the process of perfecting the appeal and supplying the court with a settled statement of facts is in progress. When the appeal is perfected, the decision as to whether the order in question was made within its jurisdiction by the Nebraska court and is jurisdictionally valid in California will be submitted to this tribunal for decision, and further activities in the superior court pending the appeal will thereupon be stayed. While the petitioner herein contends that the affidavit for a contempt citation filed on behalf of the real party in interest in the pending suit in Stanislaus County is defective in several particulars, it will not be necessary for us to examine all of these reflections upon the pleading in view of the fact that counsel for the real party in interest concedes that, at least in one respect, the affidavit alleging contempt of court is defective in its failure to allege the ability of the petitioner herein to comply with the order of the Nebraska court, and the subsequent order of the Superior Court of Stanislaus County, although 16 years had elapsed since the making of the original order. (Mery v. Superior Court, 9 Cal.2d 379, 380 [70 P.2d 932]; In re Brown, 136 Cal.App.2d 40 [288 P.2d 27].) This concession is sufficient to authorize this court to issue a writ of prohibition to prevent the hearing of the order to show cause in the Stanislaus County Superior Court, and we have concluded that we should do so.
However, we have not touched the basic argument of the petitioner that the order made by the Nebraska court and *361 purportedly transferred to this jurisdiction was, and is, totally void, because as a consequence of the remarriage of the former wife of the petitioner, the contemporaneous needs of the daughter were fully taken care of and the order made by the judge in Nebraska was entirely foreign to the current requisites of the child and consisted, in effect, of a bonus for merely possible future use. (See Schammel v. Schammel, 105 Cal. 258 [38 P. 729]; Primm v. Primm, 46 Cal.2d 690, 695 [299 P.2d 231]; 16 Cal.Jur.2d, Rev., Divorce, Separation, Etc., § 115, pp. 507-508.) We conclude that this question can be more effectively examined and decided in connection with the appeal from the judgment itself, and that it would be a mistake to advance, through means of a writ, the determination of this question, particularly in view of the fact that a relatively early decision of the appealed case may be counted on, and that, if the parties have gotten along for 16 years without a decision, they can wait a little while longer in the absence of any showing of current need on the part of the minor child. We repeat that a perfection of the appeal will completely remove the immediacy of the questions whether the petitioner has been in contempt, whether the order made in Nebraska and ostensibly moved to California was within the jurisdiction of the Nebraska court or whether it was totally void, and what effect, if any, the transfer of the case to California has had on the effectiveness of the Nebraska order. (Code Civ. Proc., § 946; Navarro v. Lippold, 86 Cal.App.2d 677, 678 [195 P.2d 543]; Dallman v. Dallman, 164 Cal.App.2d 815, 817-818 [331 P.2d 245]; 3 Cal.Jur.2d, Appeal and Error, § 190, pp. 677-679 and § 191, pp. 679-681.)
With the understanding and qualification above stated, it is ordered that a peremptory writ of prohibition issue out of this court to forbid the hearing of the presently proposed contempt proceeding, and the temporary restraining order is dissolved.
Stone, J., and Gargano, J., concurred.